Nov. Term,
1859.

McCorkle *v.* The State.

McCorkle
v.
The State.

14 39
151 328

14 39
168 311
f168 313

Where a defendant, to obviate the necessity of returning the indictment to the grand jury for a correction of the date at which the offense was laid as having been committed, consented to the correction in open Court, and to a waiver of record of all objection, and then pleaded to the indictment, and afterwards moved to quash on account of the correction, it was *held*, that the motion was correctly overruled.

The discharge of a jury in possession of a criminal cause upon a valid indictment, not called for by imperious necessity, and without the consent of the defendant, operates as an acquittal, and bars another trial; but, as a general rule, such discharge, with the consent of the defendant, is not a bar.

Such discharge, in the court-house, in presence of the officers of the Court, the defendant, and his counsel, entered of record by the defendant's consent, in pursuance of the consent of the Court previously given in session, is not a bar, though the judge be absent at the time; and the record of the discharge, and of the manner of it, cannot be contradicted on a subsequent trial.

Perkins, J.—The consent of the Court to the discharge, is not necessary.

A verdict may be returned on *Sunday;* and the Court may sit on that day to receive it, and to receive any motion or order touching it, and the discharge of the jury rendering it.

Error cannot be assigned upon the ruling on an application for a change of venue.

The Courts will scarcely tolerate a second application on the same ground, at the same term, for a continuance.

The defendant, in a criminal case, may waive his right to be present when the witnesses are examined; and if he voluntarily absent himself without leave, he will be deemed to have done so.

In this case, the defendant and his counsel having absented themselves, the Court issued a bench-warrant for the defendant, and after appointing counsel for the defendant, proceeded to the examination of witnesses in his absence. *Held*, that there was no error.

The exact sums laid in an indictment for larceny as having been stolen, need not be proved.

Where, upon the return of the verdict, it is explained to the prisoner, and he moves for a new trial and in arrest, and is fully heard upon the motions, he cannot object on appeal that he was not asked what he had to say why judgment should not be pronounced.

If the defendant and his counsel, in a criminal case, voluntarily absent themselves for the purpose of defeating a trial, he cannot complain that his case was prejudiced with the jury by such absence.

APPEAL from the *Wayne* Circuit Court.

Perkins, J.—*James A. McCorkle* was indicted in the *Wayne* Circuit Court for larceny. On being arraigned, he moved to quash the indictment on account of the date at

Tuesday,
May 15,
1860.

which the offense was laid as having been committed; whereupon the state proposed to return the indictment to the grand jury for correction. To obviate the necessity for such return, the defendant withdrew his motion to quash, and consented to a correction, in open Court, of the mistake in the date, and to an entry of record of a waiver of all objection, and pleaded not guilty to the indictment.

At a subsequent stage, of the proceedings, he renewed his motion to quash, on account of such correction in the indictment. The motion was correctly overruled.

The cause was given to the jury impanneled to try it. After they had been out about two days, the Court standing open and unadjourned, the judge informed the counsel, while all parties were in Court waiting upon the action of the jury, that the jury might be discharged without giving a verdict, they not being able to agree, whenever the defendant should consent to such discharge. This was sometime in the day on *Sunday.* Between seven and eight o'clock in the evening of the same day, the bailiff brought the jury into the court-room, the judge being at the time six miles distant, but the clerk, the counsel, and the defendant being personally present, and the jury reporting that they could not agree, the defendant and his counsel consented that they should be discharged without giving a verdict, and they were accordingly discharged, and the discharge entered of record, with the consent, pursuant to the previous permission of the Court.

On a subsequent day in the term, the defendant moved to be released from his recognizance, and from further prosecution, on the ground that the discharge of the jury, under the circumstances above related, operated as an acquittal, and precluded another trial upon the pending indictment; but the motion was overruled.

The law is well settled that, the discharge of a jury in possession of a criminal cause, upon a valid indictment, not called for by imperious necessity, and without the consent of the defendant, operates as an acquittal, and bars a further trial. Ind. Dig., p. 362, § 12.

Equally well is it established, as a general proposition,

that such. discharge with the consent of the defendant, is not a bar to another trial for the same offense. This is conceded in the Courts of *Pennsylvania*, where the most rigid doctrines on this subject are held. In *Peiffer* v. *The Commonwealth*, 15 Penn. St. R. 468, Chief Justice GIBSON draws a distinction between a consent to the separation of the jury during the progress of the trial, and their final discharge without rendering a verdict. He says: "In this case the jury were allowed to separate after they were impanneled and sworn. True, that took place with the prisoner's consent; but there is right reason and sound sense in Chief Justice ABBOTT's remark in *Rex* v. *Walfe*, that he ought not to be asked to consent. Who dare refuse to consent when the accommodation of those in whose hands are the issues of his life or death, is involved in the question? He would have to calculate the chances of irritation, from being annoyed on the one hand, or of tampering on the other. The law is undoubtedly settled by precedent, that a prisoner's consent to the discharge of a previous jury, is an answer to a plea of former acquittal, but the instant a jury is discharged, the prisoner's life is no longer in their power; or, if he should be the cause of their being sent back to protracted confinement, the value of a single chance in his wretched condition would disarm their resentment."

But it should be here observed that, in this state, it is the uniform practice to allow the jury in a criminal, as well as in a civil cause, to separate, with the consent of parties, during the progress of the trial. *Evans* v. *The State*, 7 Ind. R. 271.

Conceding, however, that the consent of the defendant will prevent the discharge of the jury from operating as an acquittal, the question arises where and how must that consent be given? Counsel say, only in the presence of the Court. In this we cannot concur. It is our unanimous opinion that a discharge in the court-house, in presence of the officers of the Court, the defendant, and his counsel. entered of record by the defendant's consent, in pursuance of the consent of the Court, previously given in

session, is such a consent as will prevent the discharge operating as a bar to another trial; and that the record of the discharge, and the manner of it, cannot be contradicted on a subsequent trial.

This is conclusive of the point in the case at bar. But the writer of this opinion, speaking only for himself on this single topic, goes further. He does not think the permission of the Court to discharge, necessary.

After the jury have retired in possession of the cause, the Court can have no communication with them during their deliberations. *Hall* v. *The State*, 8 Ind. R. 439. It is the duty of the bailiff having them in charge, to keep them in close confinement till they have agreed upon a verdict, no inevitable accident preventing. The Court cannot permit him to discharge them, nor compel the defendant to do so. It is solely a matter in the power and discretion of the defendant himself, so far as his consent is concerned. The discharge need not necessarily take place upon, but it cannot except by, his consent. And whenever he announces his willingness that the jury may be discharged without giving a verdict, and the discharge takes place upon that announcement, whether by the bailiff or the Court, or both in concert, the defendant is estopped to claim the discharge as an acquittal. The question is one of fact, in such a case, in relation to the expressed consent of the defendant, given with the view to the discharge of the jury in pursuance of such consent, whereby he agrees, having calculated the chances, to waive the present and try a future chance for acquittal. It is the every-day practice for the jury, during term time, to return their verdict to the clerk in the temporary absence of the Court. See *Wright* v. *The State*, 11 Ind. R. 569. Now, suppose when the bailiff brings in the jury, in such absence of the Court, instead of handing up a verdict they should announce, the defendant and his counsel being present, that they had not agreed, and could not agree, upon a verdict, and the defendant should then request that they be discharged from the further consideration of the cause, and the bailiff shall thereupon comply with the request.

Would the defendant be heard in making a claim that such discharge was an acquittal? We think not.

In regard to the degree of formality with which consent must be expressed, we need not here inquire; for in this case the highest degree characterized it. It was given in the presence, and with the approbation, of the prisoner's counsel, and solemnly entered upon the record of the Court.

In most cases, acquiescence, with knowledge, and without objection, estops a party to deny consent to the various steps taken during the progress of the trial of a cause. *Burton* v. *Ehrlich*, 15 Penn. St. R. 236.—2 Wat. Grah. on New Trials, 195.—*Romaine* v. *The State*, 7 Ind. R. 63.

We here express no opinion as to whether this rule would be extended to the discharge of a jury.

It is further objected that the transactions in this cause occurred on *Sunday;* but the law allows a verdict to be returned on that day, and, as an incident, authorizes the Court to sit on that day to receive it, and to receive any motion or order touching it, and the discharge of the jury rendering it.

At a subsequent term, the defendant was again brought up for trial. He made two successive applications for a change of venue, the first of which was granted, the second, denied. Error cannot be assigned on these rulings. Perk. Pr. 60.

He applied for a continuance. It was denied. He repeated the application on the same ground, upon a second affidavit. It was denied.

Courts, on account of the temptation thus held out to perjury, will scarcely tolerate a second application, on the same ground, at the same term, for a continuance. Perk. Pr. 257. See *Kirby* v. *Cannon*, 9 Ind. R. 371. The ground in this case was the absence of a witness. But the second affidavit was clearly insufficient, as was the first, because it failed to show due diligence; and it did show that the facts expected to be proved by the absent witness could be proved by other witnesses, if they existed; and we may

Nov. Term,
1859.

McCorkle
v.
The State.

presume that it appeared to the Court, on the motion for a new trial, that they had been proved if they could be.

The foregoing motions having been disposed of below, the remainder of the day was consumed in impanneling a jury. The jury being sworn and charged, the Court adjourned. At the meeting of the Court on the following day, after the reading of the minutes, hearing of motions, &c., the cause was called up, the jury being in the box, but the defendant was discovered to be not present; whereupon his counsel, *G. W.* and *J. B. Julian*, Esqrs., arose and announced to the Court that the defendant was not, and would not be present, and the Court had nothing to do but to discharge the jury and terminate the trial. They then withdrew from the cause, and left the court-house. The Court thereupon issued a bench-warrant for the defendant (See 2 R. S. p. 378, § 125), appointed counsel to act in his behalf, and proceeded with the trial. On the following morning the defendant resumed his place at the bar, accompanied by the Hon. *C. B. Smith*, as counsel, who acted with Hon. *W. P. Benton* and *Michael Wilson*, Esqr., those appointed by the Court, and the examination of witnesses proceeded. No application was made for the reëxamination, in course, of the witnesses who had been examined, but the parties called such as they chose to, and the examination of no one was refused. The cause was given to the jury at the hour for supper, and the jury returned a verdict of guilty, after some two hours' deliberation. The verdict was read by the Court, the defendant being present, who thereupon interposed a motion for a new trial, and prepared written reasons why it should be granted, and the Court adjourned.

On the following morning, the motion for a new trial was argued and overruled, as was also a motion in arrest, and judgment pronounced upon the verdict. It is assigned for error that the Court erred in proceeding with the trial during the absence of the defendant.

The constitution and laws provide that a defendant in a criminal case shall be present at his trial. This is for a two-fold object—

1. That the defendant may have the opportunity of meeting the witnesses and jury face to face, and of directing the course of his trial.

2. That the state may be in possession of his person so that judgment may be executed thereon.

Now, the question is, are not these provisions, so far as they are in favor of the defendant, designed to confer a privilege which he may waive? He can waive a trial altogether, and plead guilty. He can waive the constitutional and legal privilege of trial by jury. He can waive the constitutional and legal privilege of being a second time put in jeopardy. And shall it be said that he cannot waive his privilege of being present when his witnesses are examined, or any one of them? Then did he, as a question of fact, make such waiver in this case? If he had voluntarily arisen in Court and asked to be absent in the custody of an officer or otherwise, for a period of time, requesting that the trial should proceed in his absence, the waiver would be clear. But how does such a step differ, in substance, from a voluntary departure without asking that the trial shall stop? In one case the consent is vocally, in the other, tacitly, but equally clearly, expressed.

In *The Commonwealth* v. *Stowell*, 9 Met. 572, the Court say, in reference to an erroneous ruling on the trial below, that as the defendant had an opportunity, but failed to avail himself of it on the trial, of making his objection, his acquiescence was a waiver, and estopped him to raise it afterwards.

In *Mullinix* v. *The State*, 10 Ind. R. 5, a capital case, the prisoner was held to have waived errors below by silent acquiescence, was not heard upon them in this Court, and was executed.

We are forced to the conclusion, then, that the assignment of error we are now considering, cannot avail the appellant.

Indeed, the common-law practice does not seem to have been materially departed from in this case.

In *Rex* v. *Streek*, 12 Eng. Com. Law R. 195, a prosecution for an assault with intent to commit a rape, the pri-

soner fainted during the examination of the prosecuting witness, and was borne out of Court. The trial proceeded for a time in his absence, when Park, J., doubted if he could go on in the prisoner's absence, he not being in a situation to consent; and the Court being in doubt whether his counsel, without his authority, could consent for him, adjourned. When the prisoner had recovered, the trial was resumed, and Park, J., said the prosecuting witness should be examined again if either party desired it, but her reëxamination was waived, and the trial proceeded to a conviction of the defendant.

We proceed to another point.

The indictment in this case was for grand larceny, and charged, with proper description, the stealing, at the date of the indictment, of 3,000 dollars of current bank notes, 2,000 dollars in gold coin, and 1,000 dollars of silver coin. The evidence tended to prove a succession of acts of larceny, whereby an aggregate of between 15,000 and 20,000 dollars was, in all, abstracted from the bank in which the thefts were perpetrated.

The Court charged the jury that if they believed, beyond a reasonable doubt, that the defendant, by any one act of theft, within, &c., feloniously stole, &c., an amount of the bills and coin charged, or of either singly, of the value of 5 dollars or upwards, they might find him guilty of grand larceny; if of less than the value of 5 dollars, of petit larceny. The jury found him guilty of grand larceny. It is contended that the state was bound to prove a larceny of the exact sums named in the indictment, or fail entirely in the prosecution. We do not think so, and have no doubt that the instruction expressed the law. See 2 Wat. Grah. on New Trials, 55.

It is assigned for error, that the Court did not, in proceeding to pass judgment upon the verdict, explain to the prisoner its contents, and ask him what he had to say why judgment should not be pronounced, as required by 2 R. S. p. 378, § 126. But, in this case, it appears that the verdict was explained to the defendant, and that, through his counsel, he said much upon his motions for a new trial and

Nov. Term,
1859.

McCorkle
v.
The State.

in arrest, against the rendition of judgment. He made no objection below that he had not been sufficiently heard; and where the prisoner speaks without being asked, we take it that the necessity of asking is superseded. The section can have application where the defendant, on the return of the verdict, takes no steps, and judgment passes immediately thereon.

Another point was made. It was urged that the absence of the defendant and his counsel during a part of the trial, under the circumstances attending it, prejudiced his case with the jury. This is likely; but that absence was voluntary and deliberate, and manifestly for the no very worthy object of defeating a trial and baffling the administration of justice. The consequences were defiantly sought and accepted; they should now be silently borne.

*Per Curiam.*—The judgment is affirmed with costs.

*C. B. Smith, W. P. Benton, W. J. Smith, J. B. Julian,* and *M. Wilson,* for the appellant.

*J. E. McDonald,* Attorney General, for the state.