THE STATE v. WAMIRE.

If the Court, without the consent of the defendant, discharge the jury to whom a criminal cause has been submitted before verdict, no imperious necessity rendering such discharge necessary, it works an acquittal.

The Court is not bound to discharge the jury because the defendant consents to such discharge; and should not discharge them on the consent of defendant's attorney alone.

Nor is the Court bound to discharge the jury because of the voluntary absence of the defendant during the trial, he having been present at its commencement, but may proceed to verdict in his absence.

If the defendant escapes after sentence and before execution, he may be retaken, brought into Court, identified and re-sentenced.

APPEAL from the *Jasper* Common Pleas.

*Monday, June 10.*

PERKINS, J.—The following points of criminal law are settled in this State :

1. If the Court, without the consent of the defendant, discharge the jury to whom his cause has been submitted, before verdict, no imperious necessity rendering such discharge necessary, it works an acquittal of the defendant; but such discharge with his consent does not work an acquittal, and the defendant should be held for another trial.

2. The Court is not bound thus to discharge the jury because the defendant consents to such discharge, and should not thus discharge them on the consent of the defendant's attorney alone.

3. The Court is not bound to discharge the jury because of the voluntary absence of the defendant during the trial, he having been present at its commencement (*McCorkle* v. *The State*, 14 Ind. 39; *Fight* v. *The State*, 7 Ohio (Ham.) Rep., Part 1, p. 181), but may proceed on to verdict, at all events, in his absence.

4. If the defendant escapes after sentence, and before execution, he may be retaken, brought into Court, identified and re-sentenced. Ind. Pr. 72.

*Per Curiam.*—The appeal in this case is dismissed.

*James G. Jones*, Attorney General, and *R. S. Dwiggins*, for the State.