## KESSLER v. THE STATE.

GRAND JURY.—*Filling Vacancy in Panel.*—Where the record shows that a grand juror was excused by the court from further service, and that the sheriff then brought into open court a competent person to serve as juror, and that such person was then duly empanelled and sworn upon said grand jury, it will be presumed, there being no pleading to the contrary, that such juror was properly selected under the direction of the court.

CRIMINAL LAW.—*Indictment.*—*Attempt to Extort Money by Threat to Accuse of Crime.*—An indictment under the act to punish an attempt to extort money or property under threat to accuse of crime or immorality (Acts Reg. Ses. 1873, p. 138) need not allege that the party against whom the threat was made was innocent of the crime or immorality of which the threat was made.

SAME.—Such indictment must allege to whom the threat was made.

From the Marion Criminal Circuit Court.

*T. Cratty*, *B. K. Elliott*, and *A. C. Ayres*, for appellant.
*C. A. Buskirk*, Attorney General, for the State.

DOWNEY, J.—This was an indictment under the act approved March 10th, 1873 (Acts 1873, Reg. Ses., p. 138). The act is as follows : " That if any person shall either verbally, or by any letter or writing, or any written or printed communication, demand of any person with menaces, any chattel, money, or other valuable security ; or if any person shall accuse, or threaten to accuse, or shall knowingly send or deliver any letter or writing, or any written or printed communication, with or without a name subscribed thereto, or signed with a ficti-

tious name, or with any letter, mark, or designation, accusing
or threatening to accuse, any person of any crime punishable
by law, or of any immoral conduct, which, if true, would tend
to degrade, and disgrace such person, or to do any injury to
the person or property of any one, with intent to extort, or
gain from such person, any chattel, money, or valuable secu-
rity, or any pecuniary advantage whatsoever, or with any
intent to compel the person threatened to do any act against
his will, with the intent aforesaid ; every such offender shall
be deemed guilty of a felony, and shall, upon conviction, be
imprisoned in the state prison, for not less than one nor more
than five years, to which may be added a fine not exceeding
one thousand dollars."

The indictment is as follows:

" STATE OF INDIANA, MARION COUNTY :

" Marion Criminal Circuit Court.

" The State of Indiana ⎱   Indictment for attempting to
*v.*                      ⎰ extort money by threats.
" John Kessler.

" The grand jurors for the county of Marion, and State of
Indiana, upon their oath present, that John Kessler, on the
3d day of August, A. D. 1874, at and in the county of Marion
and State of Indiana, did unlawfully and feloniously, verbally
and orally, threaten to accuse one Adam Hereth of certain
immoral conduct, which, if true, would tend to degrade and
disgrace him, the said Adam Hereth, to wit, that he, the said
Adam Hereth, had been keeping one Nellie Deloss as his, the
said Adam Hereth's, mistress, and had at divers times and
places had sexual intercourse with and carnal knowledge of
her, the said Nellie Deloss, not being married to her,
the said Nellie Deloss, and having then and there a law-
ful wife living; which said charge and accusation he, the said
John Kessler, did then and there verbally and orally threaten
to publish by having it printed in the public newspapers and
prints then and there in circulation among the people of said
county and State, and by having the same printed in the form
of circulars and handbills, and distributed among the people

of said county, with intent then and there and thereby to extort, gain, and obtain from him, the said Adam Hereth, chattels, money, and valuable securities of him, the said Adam Hereth, and with intent then and there and thereby to gain other pecuniary advantages, the exact nature of which are to the grand jurors unknown, and cannot be given; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

" ROBERT P. PARKER,

" Prosecuting Attorney."

The defendant moved the court to quash the indictment, but his motion was overruled, and he excepted. He then pleaded not guilty. Upon trial by a jury, there was a verdict of guilty, with punishment at two years' imprisonment in the state prison and a fine of one hundred dollars.

The questions here presented are two:

1. Was the indictment found by a legally empanelled grand jury?

2. Is the indictment itself sufficient.

On the 6th day of July, 1873, being the first day of the July term of the court, the grand jury was regularly empanelled, sworn, and charged. No objection is predicated on this part of the record. But on the 7th day of September, 1874, being the fifty-fifth day of the July term, the grand jury again appeared, and, on application of David George, one of their number, it being shown to the court that he had removed from the State, he was excused from further serving, and the record states: " And now comes into open court Nicholas R. Ruckle, sheriff of Marion county, and brings into open court Jesse Reagan, a resident householder and freeholder of said county, and who is taxable therein, to complete the said panel, and said Reagan is now duly empanelled and sworn upon said grand jury according to law, and thereupon said persons retired to their room to consult of their duties, attended by James H. Hedges, their bailiff, duly sworn as such."

It is urged that the juror called instead of the one excused was brought in by the sheriff upon his own motion, and with-

out any direction from the court ; that the action of the sheriff
was illegal, and there was therefore no legal grand jury ; that
the tenth section of the act of March 4th, 1852, provides that
the panel shall be filled wholly, or in part, by summoning the
requisite number of freeholders or householders of the proper
county, under the direction of the court, who shall, in the dis-
cretion of the court, be selected from persons residing in the
several townships, unless, in consequence of delay in filling
the panel, or for other satisfactory reasons, the court shall
otherwise direct.

Assuming that counsel are right as to the law of the posi-
tion, how does it appear that the court did not do all that the
law, according to their interpretation of it, required the court
to do ? There is no pleading showing that the court did not
select the particular grand juror in question ; that he did not
reside in the proper township of the county, etc. The entry
made by the clerk shows that the sheriff came and brought
into open court the new grand juror, that he possessed the
necessary qualifications, was empanelled, sworn, and retired
with the other grand jurors. All of this is consistent with the
fact that the court directed all that was done. In all such
cases, we must presume in favor of the correctness of the action
of the court.

The next question is as to the sufficiency of the indictment
itself. The language of that part of the law on which the
indictment is founded may be separated from the other lan-
guage of the act, thus :

" If any person shall   *   *   *   threaten to accuse   *   *
*   any person of any crime punishable by law, or of any
immoral conduct, which, if true, would tend to degrade and
disgrace such person,   *   *   *   with intent to extort or gain
from such person any chattel, money, or valuable security, or
any pecuniary advantage whatsoever,   *   *   *   every such
offender shall be deemed guilty," etc.

It is urged, first, that the indictment should have alleged that
the threat was *falsely* to accuse the person named ; that the
indictment contains no allegation that the accusation which

the defendant threatened to make was not true; that it cannot be supposed that the legislature intended that to threaten to make an accusation against a party, which was true, should be a felony, and subject the party making it to punishment. We think this objection cannot be allowed. The crime charged does not consist in threatening to charge an innocent party with crime, or with degrading and disgraceful immoral conduct, but consists in threatening to make such accusation, with the intent to extort or gain from any person his chattels, money, etc. We think the indictment need not allege that the party, against whom the threat was made, was innocent of the crime or immorality of which the defendant threatened to accuse him. Although a person may have been guilty of crime or immorality, there is no reason why his money or property should be extorted from him by threatening to accuse him thereof. It may be for the interest of society that the guilty shall be brought to trial and punishment, but no public interest could possibly be subserved by allowing accusations to be made, even against the guilty, for the sole purpose of extortion.

In England, under nearly similar statutes, this question has been decided in accordance with the view here expressed. *Regina* v. *Cracknell*, 10 Cox C. C. 408; *Regina* v. *Hamilton*, 1 Car. & K. 212; *Regina* v. *Miard*, 1 Cox C. C. 22.

In the last named case, it was held that threatening to expose a clergyman, who had had criminal intercourse with a woman in a house of ill-fame, in his own church and village, to his own bishop, to all the other bishops, and to the archbishop of Canterbury, and also to publish his shame in the newspapers, if he did not pay money, was such a menace as made the defendant guilty under the statute.

We are of the opinion, however, that there is at least one fatal defect in the indictment in this case. It will be seen, by recurring to the indictment, as set out in this opinion, that it does not allege to whom the threats were made. If the threat was made to Hereth, the prosecuting witness, the fact should have been stated. If it would be legally sufficient that the threat was made to a third person, with intent that it should be commu-

nicated to him, the fact, with the name of such third person, should have been averred. We think, for this reason, the indictment should have been held bad.

The judgment is reversed; and the clerk is directed to issue the proper order to the warden of the state prison.