The State v. Woulfe.

---

## THE STATE v. WOULFE.

58   17
151  319

LIQUOR LAW.— *Unlawful Sale.—Justice of the Peace.—Jurisdiction.*—A justice of the peace has jurisdiction of a cause commenced before him by affidavit, charging the defendant with selling intoxicating liquors, without license, in a less quantity than a quart at a time, to be drank on his premises.

SAME.—*Joint Prosecution.—Dismissal as to One.—Nolle Prosequi.*—A joint prosecution of two or more defendants, for an unlawful sale of intoxicating liquor, may be dismissed by the prosecuting attorney as to any one or more of them, and prosecuted as to the others, such dismissal being equivalent to a *nolle prosequi.*

From the Allen Criminal Circuit Court.

*S. M. Hench,* Prosecuting Attorney, for the State.

NIBLACK, J.—This was a proceeding against James Woulfe and Michael Woulfe, for retailing spiritous liquors without a license, and was commenced before a justice of the peace, based on the following affidavit:

" State of Indiana, Allen County, ss :

" Amos Hartman, being duly sworn, deposeth and says,

The State *v.* Woulfe.

that James Woulfe and Michael Woulfe, on the 20th day of October, 1877, at said county of Allen, and State of Indiana, they not being then and there licensed according to the laws of Indiana, in force at the time, to sell spiritous liquors at retail, unlawfully sold to affiant spiritous liquors in less quantities than a quart at a time, to wit, the quantity of two gills, at and for the price of twenty-five cents, to be then and there drank, and suffered to be drank, in the house of the said James Woulfe and Michael Woulfe, situate in said county, contrary to the form of the statute in such case made and provided; and further deponent saith not.

[Signed,]                                "AMOS HARTMAN.

"Subscribed and sworn to before me, this 20th day of October, 1877.        H. W. WILKINSON, J. P." [Seal.]

After the defendants were arrested and taken before the justice, the attorney prosecuting the pleas of the State dismissed the prosecution as to the said Michael Woulfe, and, the cause coming on for trial as to the said James Woulfe, a fine of twenty dollars was assessed against him, followed by a judgment of conviction.

The said James Woulfe then appealed to the court below, where, on his motion, the cause was dismissed, and he was discharged.

Error is assigned here upon the action of the court in dismissing the cause.

No brief has been filed by the appellee. Hence nothing is urged here in support of the action of the court below.

The prosecuting attorney informs us, in his brief, that the reasons assigned for the dismissal were:

1. That the court had no jurisdiction of the cause; and,

2. That, as the charge against the said James Woulfe and Michael Woulfe was a joint one, and had been dismissed as to said Michael, it followed, as a matter of law, that the cause must be dismissed as to the said James also.

If this statement properly represents the positions assumed by the appellee, in support of his motion to dismiss the cause, then we have to say, in reply :

1.   That the record discloses nothing to us showing any want of jurisdiction in the justice before whom the cause was commenced, or in the court below to which the appellee himself removed it by appeal, in a mode authorized by law.

2.   That no rule of criminal practice is better settled than that, where two persons are jointly indicted, a *nolle prosequi* may be had as to one, and a trial on the merits as to the other.   1 Bishop Crim. Proced., sec. 1020.

One may be convicted and the other acquitted.   *Hall* v. *The State*, 8 Ind. 439 ; Bicknell Crim. Prac., p. 103.

Under our practice, no particular formality is required in the entry of a *nolle prosequi*, and when one has been entered in any case, it will be presumed to have been with the consent and leave of the court.

The voluntary dismissal of a criminal proceeding against a defendant, by the prosecuting attorney, is equivalent to a *nolle prosequi*.

We see no reason for the action of the court below, and hence conclude that the cause was erroneously dismissed.

The judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings.