### KISTLER *v.* THE STATE.

CRIMINAL LAW.— *Blackmail.— Instruction.—Punishment for One Crime on Proof of Another.—Seduction.*—On the trial of an indictment charg-. ing the defendant with having threatened to accuse the prosecuting witness of the seduction of a woman whom the defendant himself had seduced, as the State claimed, the court instructed the jury, that, if they found the defendant guilty of blackmail, they might, "as bearing on the question of punishment," consider the facts in relation to the seduction by the defendant.

*Held,* that the instruction was erroneous.

SAME.— *Cause Stricken from Docket.—Nolle Prosequi.*—Where, by leave of court and in the absence of the defendant, a criminal prosecution is unconditionally and absolutely stricken from the docket, on the motion of the prosecuting attorney, it can not be reinstated, over the objection of the defendant, the effect of such action being that of a *nolle prosequi.*

From the Marion Criminal Circuit Court.

*J. C. Denny, J. S. Reid* and *I. Klingensmith,* for appellant.

*T. W. Woollen,* Attorney General, *J. B. Elam,* Prosecuting Attorney, *R. B. Duncan, C. W. Smith* and *J. S. Duncan,* for the State.

PERKINS, J.—In 1874, John Kistler was indicted and convicted of blackmailing Adam Hereth, and was sent to the state-prison. At the May term of this court, in the year 1875, the judgment of conviction in that case was reversed on account of the insufficiency of the indictment. *Kessler* [*Kistler*] v. *The State,* 50 Ind. 229.

At the November term of the Marion Criminal Circuit

Court, a new indictment was returned, charging the same offence, and as having been committed upon the same person. Trial thereon, conviction, and sentence of imprisonment in the state-prison. This judgment of conviction was reversed at the November term, 1876, of this court, for errors occurring at the trial of the cause. *Kistler* v. *The State*, 54 Ind. 400.

At the June term, 1877, of the Marion Criminal Circuit Court, a *nolle prosequi* of the indictment in the case was entered by the court, with the consent of the prosecuting attorney. Afterward, at the same term, the *nolle* was set aside. On the 29th day of December, 1877, the cause was stricken from the docket, with the consent of the court and the prosecuting attorney. On the 14th day of May, 1878, a motion was made to reinstate said cause on the docket, and set it down for trial; and, on the 17th of May, aforesaid, the court sustained said motion " to reinstate this said cause upon the trial docket," etc.

Afterward, on the 10th day of August, 1878, the cause came on for trial, before a jury duly empanelled to try the same, who found a verdict of guilty, etc., " and that he " (the defendant) " be fined in the sum of, one dollar, and be imprisoned in the state-prison for a period of one year."

A motion for a new trial was overruled, and judgment and sentence entered upon the verdict.

On the trial, the court instructed the jury, that:

" The guilt or innocence of the defendant, upon the charge for which he is now being tried, does not depend on the question whether he seduced said Nellie Deloss, or was guilty of adultery with her or not; but you may consider the facts as to this, like all other facts in evidence, as bearing on the question of punishment, if you find him guilty."

Adultery, fornication and seduction may each be crimes in this State, 2 R. S. 1876, p. 431, sec. 15, and p. 466, sec. 21,

and punished as such. Our constitution forbids that a man shall be punished twice for the same offence. But if, on an indictment for the offence of blackmailing, you may inflict punishment for the crime of seduction, as well as for that of blackmailing, you may put the defendant in jeopardy twice for the same offence ; that is, you may punish twice for one and the same offence.

Counsel for appellee, without conceding any thing on the point, say :

"If there was error in instruction number seven and one-half" (the one we have quoted)," the defendant can not complain. That part of it, which says that the question as to whether he seduced Nellie Deloss or not can be taken into consideration in fixing the punishment if they should find him guilty, did him no harm, as they gave him the lowest penalty provided by law."

We can not consent to this position. The instruction told the jury, in effect, that, if they should find the defendant guilty of the crime of blackmailing, the one for which he was being tried, then they might inflict punishment for other crimes, for which he was not being tried, without informing them even, in said instruction, that such other crimes must be proved beyond a reasonable doubt. This instruction gave to the jury an erroneous statement as to the law, viz., that a man might be punished in a prosecution for one crime for another for which he was not prosecuted. This would license the jury wrongfully to turn their attention and thoughts to the facts as to those other crimes, by which feelings and prejudices might be aroused against the defendant, and might naturally lead the jury, certainly in a doubtful case, to argue thus : " The court has told us that we have a right to punish the defendant for the crime of seduction on this trial for blackmailing, if we find him guilty of the blackmailing. It may be doubtful whether he is guilty of blackmailing, but it is clear that he is guilty of the

seduction, and ought to be punished therefor; and, as he may be so punished in this case, if we find him guilty of blackmailing, it will not make much difference to him how the punishment comes, and we may as well waive doubts, find him guilty, and put on the punishment for seduction."

There are, probably, other errors in the record, but it is not necessary that we should note them.

The judgment is reversed, and cause remanded, etc.

The clerk will give the proper notice for the return of prisoner, etc.

### ADDITIONAL OPINION.

PERKINS, J.—The judgment in this case was reversed on the 11th of March, 1879.

A point made in the case was not then decided. A petition has been filed asking that the court now decide the omitted point, as it becomes material in view of a proposed re-trial of the cause. A short recitation of facts will present the point referred to.

On the 29th day of December, 1877, during a regular term of the Marion Criminal Circuit Court, the following entry was made of record in said court, viz.: "On call of the docket, on motion of James E. Heller, prosecuting attorney, and by leave of the court, the following causes were stricken from the docket, to wit: No. 7851, The State of Indiana v. John Kistler, for Blackmailing." Afterward, on the 14th day of May, 1878, during a regular term of said court, a motion to reinstate said cause upon the docket was sustained, and exception reserved.

Subsequently the defendant was tried and convicted. That conviction was reversed, and it is now proposed to again try the defendant, the appellant, on said indictment.

It will be observed that this cause was unconditionally stricken from the docket, by the prosecuting attorney, with the leave of the court, in the absence of the defendant.

We do not doubt, that, by arrangement of the parties, a civil, and probably a criminal, cause may be temporarily omitted from the docket, without being absolutely dismissed. Perhaps the court may order that a cause may be temporarily omitted from the docket, without the consent of parties. But it would be inconsistent with the regard due to the rights of criminals even, to sanction the practice, and recognize as law a rule, that the court might strike from the docket and reinstate their causes, and order them re-arrested, at pleasure.

What we now decide in this case is, that the action of the prosecutor and court, in striking the case at bar from the docket unconditionally and absolutely, amounted to a *nolle prosequi*, and that the reinstatement of said cause, and the subsequent trial of the defendant, were illegal acts. *The State* v. *Woulfe*, 58 Ind. 17.

The indictment for blackmailing against Kistler is not pending in the Marion Criminal Circuit Court, and he can not be again tried thereon.