Motsinger v. The State.

Filed May 1, 1890.

---

No. 15,520.

## MOTSINGER v. THE STATE.

CRIMINAL LAW.—*Blackmailing.—Affidavit.—Sufficiency of.—Letter.—Ambiguity.—Parol Evidence.*—An affidavit, based on section 1926, R. S. 1881, charged the defendant with having written and mailed to the affiant a letter in which he threatened to accuse him publicly of immoral conduct, which, if true, would tend to disgrace him or subject him to the contempt of society, unless he would pay the defendant the sum of ten dollars; the letter being as follows: " Mr. Barnett.—Sir—You can come up and settle with me for the way you talked to my wife, or go to court, just as you like. I will tell it all over the country. It is a note that a woman can't go to milk without being insulted. Come up right away. Yours, William Motsinger. If you will pay what I think is right I won't say anything about it to any body. $10 will do. W. O. M. to James Barnett."

*Held,* that a public offence is charged, and that the ambiguity of the letter may be removed by the proper averments and proof.

Motsinger v. The State.

SAME.—*Prosecuting Witness.*—*Question of Guilt or Innocence.*—*Charge of Immoral Conduct.*—*What Constitutes.*—In such prosecution, whether the prosecuting witness was guilty or not of the charge, is wholly immaterial, and to charge him with soliciting sexual intercourse with the wife of the defendant would be to charge him with immoral conduct, which, if true, would tend to disgrace him and subject him to the contempt of society.

From the Washington Circuit Court.

*S. H. Mitchell* and *R. B. Mitchell*, for appellant.

*W. T. Branaman*, Prosecuting Attorney, *F. L. Prow* and *S. B. Voyles*, for the State.

COFFEY, J.—This was a prosecution by the State against the appellant, under the provisions of section 1926, R. S. 1881.

The court overruled a motion to quash the affidavit and information in the cause, and the appellant excepted.

The question presented for decision relates to the correctness of this ruling.

Omitting the caption, the affidavit charging the appellant with the crime for which he was tried is as follows: "James W. Barnett being duly sworn, upon his oath, says that William Motsinger, on the 1st day of November, 1889, at and within Washington county, in the State of Indiana, did then and there unlawfully and feloniously, in writing, which said writing was then and there delivered by due course of mail by which it was sent by said William Motsinger to said James W. Barnett, demand of and from James W. Barnett a sum of money, to wit: ten dollars; and did then and there feloniously, in said writing, threaten to accuse the said James W. Barnett of certain immoral conduct, which, if true, would tend to degrade, disgrace, and subject to the ridicule and contempt of society him, the said James W. W. Barnett, to wit: insulting the wife of said William Motsinger, meaning then and there and thereby that said James W. Barnett had asked the wife of said William Motsinger to have sexual intercourse with him, the said

James W. Barnett, which said writing was then and there knowingly sent by mail by said William Motsinger, and then and there received by mail at the post-office at Pekin, Indiana, by said James W. Barnett, which said writing is in the words and figures following : ' November 1, 1889. Mr. Barnett, sir : You can come up and settle with me for the way you talked to my wife, or go to court, just as you like. I will tell it all over the country. It is a note that a woman can't go to milk without being insulted. Come up right away. Yours, William Motsinger. If you will pay what I think what is right, I won't say anything about it to any body. $10 will do. W. O. M. to James Barnett.' Unless he, the said James W. Barnett, would then and there give to the said William Motsinger the said sum of ten dollars of the goods and chattels of said James W. Barnett, with the intent then and there and thereby feloniously to extort and gain from the said James W. Barnett the sum of ten dollars in current money of the value of ten dollars, contrary," etc. The information follows the affidavit.

The statute upon which this prosecution is based provides that " Whoever, either verbally or by any letter or writing or any written or printed communication, demands of any person, with menaces of personal injury, any chattel, money, or other valuable security ; or whoever accuses or threatens to accuse, or knowingly sends or delivers any letter or writing or any written or printed communication, with or without a name subscribed thereto, or signed with a fictitious name ; or with any letter, mark, or designation, accusing or threatening to accuse any person of any crime punishable by law, or of any immoral conduct, which, if true, would tend to degrade and disgrace such person, or in any way to subject him to the ridicule or contempt of society ; or to do any injury to the person or property of any one, with intent to extort or gain from such person any chattel, money, or valuable security, or any pecuniary advantage whatsoever * *,—is guilty of blackmailing."

The chief contention of the appellant, and the only one going to the merits of the case is, that the letter set out in the affidavit does not contain a threat to accuse the prosecuting witness of immoral conduct which, if true, would tend to disgrace him, or in any way subject him to ridicule, or to contempt of society, and that we must look wholly to the writing itself, and can not go behind it to look for or ascertain its meaning.

We do not agree with the appellant in this contention. The charge in the affidavit is that the conduct with which the appellant intended to charge the prosecuting witness was that of soliciting the wife of the appellant to have sexual intercourse with him. The letter was ambiguous, and such ambiguity might be removed by proper averments and proof.

Wharton, in his work on Criminal Law, vol. 2, section 1665 (9th ed.), treating of the subject under consideration, says: "A letter, when ambiguous, may be explained by parol proof of extraneous facts as well as by declarations of the writer. The prosecutor may be asked as to what appeared to him to be the meaning of the letter. The meaning is for the jury if the terms be ambiguous, and is to be inferred from all the circumstances of the case."

As to whether the prosecuting witness was guilty of the charge was wholly immaterial, and to charge him with soliciting sexual intercourse with the wife of the appellant would be to charge him with immoral conduct, which, if true, would tend to disgrace him, and subject him to the contempt of society. *Kessler* v. *State*, 50 Ind. 229.

In our opinion the affidavit and information before us charge the appellant with a public offence, and the court did not err in overruling the motion to quash the same.

Judgment affirmed.

Filed May 1, 1890.