## THE STATE *v.* DIX.

[No. 2,488. Filed November 18, 1897.]

CRIMINAL LAW.—*Cause Stricken from Docket.—Nolle Prosequi.*—Upon motion of the prosecuting attorney a criminal case was stricken from the docket, with leave to reinstate. *Held,* that in the absence of an affirmative showing that the defendant was present and consented to the action of the court, the striking of the case from the docket was equivalent to a dismissal or *nolle prosequi.*

From the Sullivan Circuit Court. *Affirmed.*

*W. A. Ketcham,* Attorney-General, *Charles D. Hunt* and *W. H. Bridwell,* for State.

*W. S. Maple,* for appellee.

ROBINSON, J.—This case was transferred to this court by the Supreme Court.

Appellee was arrested upon an indictment charging a misdemeanor. The indictment was returned on November 5, 1895. On the first day of January term, 1896, of the Sullivan Circuit Court, defendant moved to quash the indictment. This motion was overruled on the second day of the same term. On the 13th day of the same term, on application of the State, the cause was continued until the seventh day of the following term of court. On that day the following order book entry was made: "Comes now Charles D. Hunt, prosecuting attorney, prosecuting the pleas in behalf of the State, and this cause is stricken from the docket with leave to reinstate, and an attachment ordered for Samuel Tincher."

On the first day of the next term of court, the prosecutor and defendant's attorney being present, the prosecuting attorney asked an order of court to reinstate the cause, and over defendant's objection, the cause was reinstated. The prosecutor then asked that

a bench warrant be issued, which request the court took under advisement, and afterwards, on the same day, the court set aside the entry reinstating the cause. On the twelfth day of the same term the court overruled the request of the prosecuting attorney to have the cause reinstated, to which ruling the State excepted, and was given time to file a bill of exceptions.

The State assigns as error the overruling of the motion of the State to reinstate said cause upon the docket after it had been stricken from the docket with leave to reinstate.

Where an application made by a prisoner to be discharged under sections 1851-1853, Burns' R. S. 1894, is granted, such discharge amounts to an acquittal of the offense. *McGuire* v. *Wallace*, 109 Ind. 284. The ordinary dismissal of a criminal proceeding against a defendant, by the prosecuting attorney, is equivalent to a *nolle prosequi*. *State* v. *Woulfe*, 58 Ind. 17.

In the case of *Kistler* v. *State*, 64 Ind. 371, it is said: "We do not doubt that, by arrangement of the parties, a civil, and probably a criminal, cause may be temporarily omitted from the docket, without being absolutely dismissed. Perhaps the court may order that a cause may be temporarily omitted from the docket, without the consent of the parties. But it would be inconsistent with the regard due to the rights of criminals even, to sanction the practice, and recognize as law a rule, that the court might strike from the docket and reinstate their causes, and order them re-arrested, at pleasure."

In the case at bar the case was not stricken from the docket unconditionally, but with leave to reinstate. The order book entry shows that this was done on motion of the prosecuting attorney. It does not appear that the defendant was present either in person or by

attorney when the order was entered. If the entry showed that the defendant was present and made no objection, a different question would be presented. It does not appear that the defendant was thereafter in the custody of the officer or under bond. It does appear that the order book entry was made on the day the case was set for trial, but it does not appear that the case had been called for trial. In the absence of some affirmative showing, we cannot presume that the defendant was present and gave his consent that the case might be stricken from the docket with leave to reinstate. The effect of the action of the court in striking the case from the docket became apparent when the prosecuting attorney found it necessary to ask an order for a bench warrant.

Reasoning from the case of *Kistler* v. *State, supra,* we think the action of the court, upon motion of the prosecuting attorney, and in the absence of the defendant, in striking the case from the docket, amounted, in effect, to a dismissal or *nolle prosequi.*

Judgment affirmed.