SOUTHERLAND v. THE STATE OF INDIANA.

[No. 21,939. Filed November 23, 1911.]

1. CRIMINAL LAW.—*Striking Case from Docket.—Fugitives.—Waiver.*—An order that defendant's case be "stricken from the docket, but not dismissed," and a subsequent order reinstating such case, the defendant being a fugitive, when such orders were made, and unrepresented in court, do not violate defendant's substantial rights; and his flight from custody waives the right to raise any question on such orders. p. 493.

2. CRIMINAL LAW.—*Felonies.—Arraignment.*—To be arraigned on a charge of felony, the defendant must be present in person. p. 495.

From Sullivan Circuit Court; *William H. Bridwell*, Judge.

Prosecution by the State of Indiana against Jesse Southerland. From a judgment of conviction, defendant appeals. *Affirmed.*

*Walter F. Wood*, for appellant.

*Thomas M. Honan*, Attorney-General, *Edwin Corr*, *James E. McCullough* and *Thomas H. Branaman*, for the State.

MYERS, J.—Appellant was tried and convicted of the crime of assault and battery with intent to commit murder. He prosecutes this appeal, assigning as error the action of the court below in overruling his objection to the reinstatement of the cause on the trial docket, and his motion to set aside the order of reinstatement.

Appellant was indicted April 3, 1906. On April 20, 1907, the court struck the cause from the docket by an order as follows: "Comes now the State of Indiana by her attorney, James B. Filbert, into open court, and it appearing to the court that the defendant in this cause broke jail, and is now a fugitive from justice, this cause is now stricken from the docket, but not dismissed, with leave to reinstate upon arrest. It is therefore ordered and decreed by the court that this cause be, and the same

is hereby stricken from the docket, but not dismissed, with leave to reinstate when arrest is made.'' On February 20, 1911, the following order was entered in the cause: ''Comes now again the State of Indiana, by her attorney, Fred F. Bays, into open court, and this cause is by the court ordered reinstated and bench warrant is ordered for defendant, to the sheriff of Sullivan county, Indiana.'' On May 2, 1911, appellant made an application, supported by affidavit, of his poverty, and asked the court to employ counsel for him, which application the court granted, and appointed able counsel to defend him. On May 3, 1911, appellant filed his written objection to the reinstatement of the cause, ''for the reason that it was stricken from the docket * * * without the knowledge or consent of this defendant, and at a time when he was neither in court in person, nor by attorney,'' coupled with a motion to set aside the order of reinstatement, on the additional ground that the cause was reinstated and redocketed at a time when he was not in court in person or by attorney, and he had no notice of the reinstatement, or of the motion for reinstatement, and no opportunity to object to the order. Reliance is placed on the cases of *State* v. *Dix* (1897), 18 Ind. App. 472, and *Kistler* v. *State* (1878), 64 Ind. 371. In the latter case there was an unconditional order striking the case from the docket, and such order was held to amount to a *nolle prosequi*, based on the case of *State* v. *Woulfe* (1877), 58 Ind. 17. The order in the case of *State* v. *Dix, supra,* was made under very different circumstances from those present here. There it appeared that the defendant had been arrested, and was represented in court by his attorney, and that without the knowledge or consent of himself or his attorney the cause was stricken from the docket. It is true that the order was ''with leave to reinstate.'' The case shows that this was done on the day the cause was set for trial, and the opinion is, doubtless, correct under the facts, for neither courts nor

prosecuting attorneys should be permitted to avoid a trial, by simply striking the cause from the docket, and by that method producing, in effect, a continuance.

The case here is quite different. Appellant was not in court in person or by attorney, and by breaking jail and becoming a fugitive from justice he had voluntarily put himself beyond the pale of relief from laws and the rules of practice enacted for his protection. In other words, he will not be permitted to seek relief from action by the court, which did not prejudice his substantial rights, or those rights which, if he had submitted himself to the jurisdiction of the courts, he would be entitled to invoke, by putting himself beyond the jurisdiction of the court. By voluntarily absenting himself he waived such objection as he might, if present, have interposed, or such rights as he might perhaps, if present, be entitled to have protected. In case of felonies, a defendant cannot be arraigned, except he 2. be present in person, nor can he waive arraignment by attorney. §§2068, 2093 Burns 1908, Acts 1905 p. 584, §§197, 222; *Younger* v. *State* (1868), 2 W. Va. 579, 98 Am. Dec. 791; *State* v. *Meekins* (1889), 41 La. Ann. 543.

The reasons for the presence of a defendant are twofold: (1) To enable the prosecuting authority to identify him, and to punish him in case of conviction, and (2) to secure him full facilities for defending himself as he is advised in the progress of the trial of the evidence against him. Necessarily one reason is for the benefit of the State, and the other for the benefit of the defendant, and if he chooses to waive his own rights by his absence, it has been held that the court, treating his absence as a waiver of the right to be present, may proceed by receiving a verdict. *State* v. *Wamire* (1861), 16 Ind. 357; *McCorkle* v. *State* (1859), 14 Ind. 39; *State* v. *Jacobs* (1890), 107 N. C. 772, 11 S. E. 962, 22 Am. St. 912; *Commonwealth* v. *Andrews* (1867), 97 Mass. 543; *Warwick* v. *State* (1883), 73 Ala. 486, 49 Am. Rep. 59.

Accepting a pardon, or fleeing after conviction, has been held a waiver of the right of appeal. *Manlove* v. *State* (1899), 153 Ind. 80; *Sargent* v. *State* (1884), 96 Ind. 63.

The object of denying waiver is rather public than personal or private. For example, if a motion to quash is sustained, a defendant may be recognized, if the offense is bailable, for further proceedings. §§2066, 2067 Burns 1908, Acts 1905 p. 584, §§195, 196; *State* v. *Simpson* (1906), 166 Ind. 211. And he may be recognized upon appeal by the State. *State* v. *Allen* (1884), 94 Ind. 441. While a defendant is a fugitive, he will not be allowed to test the sufficiency of an indictment or information, or prosecute an appeal. *Sargent* v. *State, supra.*

By absenting himself he waives any objection to such action by the court as does not tend to prejudice his substantial rights, and no substantial right of appellant was prejudiced or affected by the striking of the cause from the docket while he was a fugitive. The fact that the cause was stricken from the docket as it was, shows on its face a definite denial of intention to dismiss or *nolle* the charge, and no harm was done appellant. The fact that the charge was still pending, and he had fled, with apparently no disposition to meet it, was no invasion of any right he had, and to be successful he must bring to this court some material or prejudicial error affecting his substantial rights. §2063, subd. 10, Burns 1908, Acts 1905 p. 584, §192; Elliott, App. Proc. §§290, 292.

Judgment affirmed.