CITY OF KEOKUK, Appellee, v. HARRY SCHULTZ, Appellant.

INDICTMENT AND INFORMATION: Reinstating Cause after Inadvertent Dismissal. Courts have power to reinstate a criminal proceeding inadvertently dismissed.

INDICTMENT AND INFORMATION: Notice of Application to Reinstate Dismissed Action. One who has notice of the time and place of hearing of an application to reinstate an inadvertently

dismissed information must inform himself, at said time and place, of the *future* time and place when the court can and will grant a hearing.

**INDICTMENT AND INFORMATION:** Sufficiency of Notice to Reinstate Dismissed Action. One may not say he had no notice of the reinstatement of a dismissed information, when he moved to set aside the *reinstatement*, and had a full hearing on the merits.

**COURTS:** Correction of Unsigned Record. It will be presumed that the correction of a court record was made before it was signed by the judge. (Sec. 243, Code, 1897.)

**CRIMINAL LAW:** Limitation of Prosecution—Reinstating Inadvertently Dismissed Information. Reinstating an inadvertently dismissed information reinstates the standing which such information had prior to the dismissal, even though such reinstatement was made at a time when more than a year had elapsed since the commission of the offense.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

APRIL 6, 1920.

THE appeal is from conviction of violating a city ordinance, enacted by a city under special charter.—*Affirmed.*

*James S. Burrows,* for appellant.

*John S. Sprowls,* for appellee.

SALINGER, J.—I. The appellant took his conviction to the district court. There, it seems to have been at first properly entitled, but the name of the plaintiff was erased, and "State of Iowa" substituted therefor.

1. INDICTMENT AND INFORMATION: reinstating cause after inadvertent dismissal.

A record entry recites that this case, entitled *State of Iowa v. Harry Schultz* "was dismissed on motion of county attorney."

There is no room for doubting that no one authorized to move a dismissal on behalf of the city ever did so, and that the dismissal by the county attorney was due to some mistake on his part. At least, there was no

intention on part of anyone to dismiss the case of *City of Keokuk v. Harry Schultz.* On application by the city to reinstate the case, the court did reinstate, and ordered that the case "be placed on the criminal docket of the court."

It is actively objected by the appellant that the court had no power to make this reinstatement. We perceive no good reason why, if power to reinstate exists in any case, it does not apply to a criminal case, and we

**2. INDICTMENT AND INFORMA-TION: notice of application to reinstate dismissed action.** hold the court had the power to reinstate such a case. But it is said that, if the power be granted, there was no jurisdiction to exercise it in this case, because no notice was served on defendant that the court intended to make such order of reinstatement. And in that connection, a violation of Section 12, Article 1, of the Constitution of Iowa is asserted. There was notice given of the application to reinstate. On the whole record, it is not claimed that this is not so, but the exact contention is that the notice cited defendant to appear in court at a certain time; that he did so appear; that the judge before whom the matter was to be heard was then absent, because of sickness, and no other judge was present; and that no new notice was given of the later time at which the motion to reinstate was heard and sustained.

We see no merit in this contention. Followed to its logical end, if, when the parties appeared, the judge was too busy to hear them, it would require a new notice, fixing a time and place of hearing. We are of opinion that, the notice being given, and the parties thereup-

**3. INDICTMENT AND INFORMA-TION: suffi-ciency of notice to reinstate dismissed ac-tion.** on appearing in court, both were charged with the duty of ascertaining at what time the matter might be taken up by the court. But this point does not need to be pressed; for it appears that, later, the appellant ap-plied to the court to set aside the order of reinstatement,

and that both parties were present and participated at the hearing of this motion. Granting, for the sake of argument, that the order of reinstatement was void for want of notice, the application to set aside that order tendered every issue triable on the application for reinstatement, and the decision on that motion cannot be invalidated because the earlier decision might be.

II. We gather it is further urged that, the order of dismissal having been made of record, the court could not set it aside at a term subsequent to the one in which the entry was made. It may be conceded, for

**4. COURTS: correction of unsigned record.** the sake of argument again, that this would be true if, in fact, there had been a dismissal. But surely, there is power in the court to vacate a dismissal which it never intended to make, and which is due to a misapprehension of either fact or law. See *National Loan & Inv. Co. v. Bleasdale*, 159 Iowa 529; 18 C. J. 1200. It may well be added that the statute gives power to alter entries, even if made and signed at a previous term, in order to correct "an evident mistake." Code Section 244. Further, Code Section 243 provides that the court may amend an entry at any time during the term, "or before it is signed by the judge," and nothing appearing in this record shows that the entry ordering a dismissal was ever signed by the judge.

III. Lastly, it is presented that the statute bars prosecution after one year subsequent to the offense of violating an ordinance. That is true. But appellant seems to claim that the statute bar arises if trial be not had

**5. CRIMINAL LAW: limitation of prosecution: reinstating inadvertently dismissed information.** within one year after the commission of the charged offense. We find no warrant for such a position. It is safe to state, as a general proposition, that, if complaint is lodged within the statute time, the statute is at once arrested, and that mere delay in trial creates no

bar to prosecution. The argument at this point is quite evidently founded upon the thought that the dismissal ended the lodging of complaint, and that, when reinstatement was ordered, it operated merely to permit complaint to be then lodged, and that this permission was given at a time more than a year after the commission of the offense. If the premises were granted, the deduction urged is inevitable. But the premise is faulty. The reinstatement placed the case precisely where it stood before the dismissal. It operated to set down a case for trial in which the information had been lodged in time. The statute of limitations is not available, because neither the dismissal nor the reinstatement changed the time at which the prosecution was actually commenced—and that was within statute time.

There is no complaint that the conviction should not stand on the merits, and we are constrained to hold against the objections that are presented. It follows the order made below must be—*Affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.