STATE OF IOWA, Plaintiff, Respondent, v. VETERANS OF FOREIGN WARS, POST 1856, Defendant, Petitioner.

Nos. 43916, 43832.

SEPTEMBER 21, 1937.

Mitchell & Loth, for petitioner.

R. A. Knudson, County Attorney, and H. J. Roelofs, Spec. Asst. Attorney General, for respondent.

MITCHELL, J.—On the 31st day of December, 1935, a grand jury in Webster County returned an indictment against the Veterans of Foreign Wars, Post 1856, in which indictment they accused the defendant of maintaining a liquor nuisance as defined by section 1921-f60 of the 1935 Code of Iowa. Notice was duly served upon the officers of the organization.

On the 4th day of May, 1936, the then county attorney for Webster County filed a motion to dismiss the indictment, part of which is as follows:

"The Veterans of Foreign Wars, Post 1856, is a voluntary, unincorporated association. Under the law of this state you may indict and bring into Court an individual or a corporation, but no provision is made for bringing into Court a voluntary, unincorporated association. There is no one in Court to answer to this indictment and under the law as it now stands there is no way of bringing anyone into Court to answer to this indictment. At the time the indictment was returned by the grand jury it was thought by the grand jury and by me as their legal advisor, that this organization was in fact incorporated."

On the 28th day of May, 1936, H. E. Fry, judge of the district court, to whom the aforesaid motion was presented, sustained the motion and entered an order, dismissing the indictment.

The county attorney on the 13th day of June, 1936, discovered that he had made a mistake as to the status of the defendant; that in fact it was incorporated and that an indictment against it would lie. He immediately filed a motion to set aside the order of dismissal, and on the 17th day of June, 1936, Judge Fry sustained the motion and entered an order, setting aside the dismissal and reinstating the indictment. The defendant, Veterans of Foreign Wars, Post 1856, commenced this proceeding in certiorari, questioning the validity of the order setting aside the dismissal of the indictment and reinstating the same.

The question with which we are confronted here is whether, where an indictment is dismissed thru mistake on the part of the county attorney, it can be reinstated on motion.

There is no claim of any fraud on the part of anyone connected with this proceeding. The mistake was due to the fact that the indictment was returned against the Veterans of Foreign Wars, Post 1856. The name of the corporation is, ''Walter Porson Post, No. 1856, of the Iowa Department, Veterans of Foreign Wars,'' and under this name the incorporation is recorded in the office of the county recorder of Webster County, Iowa.

██ There are three periods of the prosecution in which a *nolle prosequi* may be entered, namely, before the jury is impaneled, while the case is before the jury, and after the verdict. The dismissal in this case was entered before the jury was impaneled. It contained no reservation again to proceed.

██ Early in the history of this State this question was before this court. In the case of State v. Shilling, reported in 10 Iowa 106, the then Chief Justice, speaking for the court, said:

''This conviction was clearly irregular and unwarranted. The right of the State to again indict or file a second information for the offenses specified in the first and second counts, is not denied after entering a *nolle prosequi* as to them. But there is no principle justifying the trial of the defendant upon these counts after their withdrawal in the same proceeding, or on the same information. For this proceeding these counts ceased to have any validity, any legal existence; and to try the defendant upon them, was to try him as it were without an indictment or information.''

It is true, there is some dispute in the authorities in regard

to this proposition but the weight of authority follows this early Iowa case.

In Commonwealth v. Buck, 285 Mass. 41, 188 N. E. 613, 614, the Massachusetts court·said:

"It is plain that the district attorney had power to appear for the Commonwealth in the District Court, and where as here the grand jury had returned an indictment against the defendant for the same offense charged in the District Court he could enter a *nolle prosequi* of the complaint, the effect of which without trial would be like dismissing a complaint. The defendant is not acquitted of the crime charged against him; he is exempted from liability only on that complaint."

In the case of State v. Dix, 18 Ind. App. 472, 48 N. E. 261, 262, the Indiana court said:

"The ordinary dismissal of a criminal proceeding against a defendant by the prosecuting attorney is equivalent to a *nolle prosequi.* * * * 'We do not doubt that, by arrangement of the parties, a civil, and probably a criminal, cause may be temporarily omitted from the docket, without being absolutely dismissed. Perhaps the court may order that a cause may be temporarily omitted from the docket, without the consent of parties. But it would be inconsistent with the regard due to the rights of criminals even to sanction the practice, and recognize as law a rule that the court might strike from the docket and reinstate their causes, and order them rearrested, at pleasure.' In the case at bar the case was not stricken from the docket unconditionally, but with leave to reinstate. The order book entry shows that this was done on motion of the prosecuting attorney. It does not appear that the defendant was present, either in person or by attorney, when the order was entered. If the entry showed that the defendant was present, and made no objection, a different question would be presented. * * *

"Reasoning from the case of Kistler v. State, supra [64 Ind. 371] we think the action of the court, upon motion of the prosecuting attorney, and in the absence of the defendant, in striking the case from the docket, amounted, in effect, to a dismissal, or *nolle prosequi.*"

We quote from 20 A. L. R. 602:

"The entry by the district attorney of a *nolle prosequi* terminates the liability of the sureties on a bond for the appearance of the defendant. State v. Bugg (1843) 6 Rob. (La.) 63.

"A *nolle prosequi* is a termination .of the case, so as to discharge the sureties, and the force of the bond does not continue so as to render the sureties liable for the defendant's failure to appear and answer a new bill for the same offense. Lamp v. Smith (1876), 56 Ga. 589. In this case the court said: 'When the first bill was *nol. pros'd* that case was terminated, and with it ended all incidents to it, including any bond connected with it. The security on any such bond was relieved at that moment, as much as he would have been by the verdict of a jury. The new bill was a new case, for which and upon which a new recognizance should have been taken with new security.''

In the case of Scheibler v. Steinburg, 129 Tenn. 614, 167 S. W. 866, Ann. Cas. 1915D, 1162, it is said:

"It was said by this court in State v. Fleming, 7 Humph. (Tenn.) [152], 154, 46 Am. Dec. 73, that a *nolle prosequi* is a discharge without acquittal, and can be awarded only by the Attorney General and the court. It being a discharge, it is necessarily a termination of the particular prosecution, although it is not a bar to a subsequent prosecution, unless it shall be entered after the defendant has been put to his trial upon a valid indictment before a jury duly sworn and impaneled. In such case, it is generally held that a *nolle prosequi*, would terminate the prosecution, as the defendant would have been in jeopardy. * * * It would seem that the entry of a *nolle prosequi* would terminate the particular prosecution at whatever stage of the suit it might be entered. We are of the opinion, therefore, that the entry of a *nolle prosequi*, without the procurement of the defendant, is such a termination of the criminal prosecution in defendant's favor as is contemplated by the rule requiring that the original suit be terminated in favor of the plaintiff before he can commence his suit for malicious prosecution.''

In the case at bar the *nolle prosequi* was entered by the proper official, to wit, the county attorney. Defendant played no part in securing it. It was entered thru no fraud on the part of anyone, and purely due to a mistake. It terminated the prosecution upon that indictment. We are not confronted with the

question of whether or not a new indictment or information could have been filed against the defendant.

Respondent (plaintiff) relies principally upon the case of City of Keokuk v. Schultz, 188 Iowa 937, 176 N. W. 946. That case differs, however, from the case at bar in that the indictment was not dismissed by the official who had authority to dismiss it, where as in the case at bar it was dismissed by the proper official. It is true, there is some language in the case of City of Keokuk v. Schultz which is contrary to the opinion expressed in this case, and so far as that case is in conflict with this it is hereby over-ruled.

It follows that the lower court exceeded its jurisdiction in reinstating the indictment, and the writ of certiorari is sustained. —Writ sustained.

Chief Justice and all Justices concur.