### PEOPLE v. HIGGINS et al.

(Common Pleas of New York City and County, General Term. December 2, 1889.)

BAIL—JUDGMENT ON FORFEITED RECOGNIZANCE—VACATION.

Defendant was produced by his surety on the day set for trial, but, complainant failing to appear, though subpoenaed, the case was adjourned to another day, when defendant was again produced; complainant again failing to appear, after having been subpoenaed. Afterwards the case was again called, and neither defendant nor complainant appearing, neither having been summoned, defendant's recognizance was forfeited. The surety afterwards surrendered defendant, and he was discharged; complainant again failing to appear. Held, that the judgment on his recognizance should be vacated.

On motion to vacate judgment against Thomas Higgins, principal, and E. P. H. Martin, surety, on a forfeited recognizance.

Argued before LARREMORE, C. J., and DALY and VAN HOESEN, JJ.

J. R. Fellows, Dist. Atty., for the People.  E. F. Hassey, for defendants.

PER CURIAM. It appears in this case that the prisoner was produced by his surety on the day when the cause was set down for trial, February 20, 1889, and appeared there with all his witnesses, but the complainant failed to appear, although duly subpoenaed; that the cause was adjourned to the 27th February, 1889, when the prisoner was again produced by his surety, and attended with his witnesses in court, and the complainant failed to appear, although he had been personally served with a subpoena, and notified to come to court on that day; an attachment was then ordered against the complainant, and the prisoner, his surety, and witnesses departed; that on the 4th day of March the cause was again called, although the prisoner and his surety had no notice of its being set down for that day, and failed to appear, but the complainant also failed to appear at that time, he not having been subpoenaed, because the officer who attempted to serve.him could not find him at his residence at that time. The recognizance was forfeited on said last-named day. On subsequently learning that it had been forfeited, the surety produced the prisoner, and surrendered him, on June 3, 1889. His cause was set down for trial the next day. His witnesses attended at that time. The complainant did not appear, the officer not being able to serve him with a subpoena, and the prisoner was then discharged. If the affidavit of the subpoena server is to be taken as sufficient evidence that the complainant was notified to appear in court, then we must assume that the reason why the cause was never tried was because of his neglect to prosecute. It does not appear that any obstruction to justice was caused by any act of the prisoner or his surety. The prosecution was for assault and battery. I think the judgment on the recognizance should be discharged. All concur.