[No. 10019. Department Two. December 27, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Anna Gabe, Plaintiff,* v. JOHN F. MAIN, *Judge etc., Respondent.*[1]

CRIMINAL LAW — TRIAL — PRESENCE OF ACCUSED — NECESSITY — WAIVER OF RIGHT. Rem. & Bal. Code, § 2145, providing that no person punishable by death or imprisonment shall be tried unless personally present, does not, in cases not capital, preclude the entry of judgment upon a verdict, received in the absence of the defendant, if the defendant, out on bail, voluntarily absents himself without leave, for he thereby waives his right.

SAME—STATUTES—CONSTRUCTION. Upon the question of the necessity of the defendant's presence when the verdict is received, Rem. & Bal. Code, § 2196, providing that a defendant punishable by im-

[1]Reported in 119 Pac. 844.

prisonment must be personally present for the purpose of judgment, and if for fine only, he must be present or some responsible person must undertake for him to secure the payment controls § 2145, providing that no person shall be tried unless personally present.

SAME—PRESENCE OF ACCUSED — NECESSITY — ACQUITTAL. Under Rem. & Bal. Code, § 2196, providing that for the purpose of judgment, if the conviction be for an offense punishable by imprisonment, the defendant must be personally present, and if for a fine only, he must be personally present or some responsible person must undertake for him to secure the payment, it is not necessary that a defendant out on bail be present upon receipt of a verdict of acquittal.

MANDAMUS—TO COURTS—WHEN LIES. Mandamus lies to compel the trial court to enter judgment upon a verdict of not guilty, after refusal so to do.

BAIL—RELIEF FROM FORFEITURE—ACQUITTAL—EFFECT—DISCHARGE OF BOND. A verdict of not guilty in the superior court, upon appeal from justice court, discharges the appeal bond, and judgment forfeiting the bond, even if entered a few minutes before the verdict was received, is error.

MANDAMUS—TO COURTS—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL. Where, notwithstanding a verdict of not guilty, the court refused to enter judgment for the defendant, but forfeited her bond and entered judgment against her and her sureties, the remedy by appeal is not adequate, and mandamus lies to compel vacation of the judgment and entry of proper judgment on the verdict.

Application filed in the supreme court November 23, 1911, for a writ of mandamus to compel the superior court for King county, Main, J., to enter judgment upon a verdict. Granted.

*W. F. Hays*, for plaintiff.

*James E. Bradford* and *Ralph S. Pierce*, for respondent City of Seattle.

ELLIS, J.—This is an application for a writ of mandate requiring the respondent to enter a judgment, upon the verdict of a jury finding the relatrix not guilty, and also requiring the respondent to vacate his order for judgment against the relatrix and her bondsmen, on her bond on ap-

peal from a conviction and fine in the police justice's court
of Seattle.

The application for the writ and the respondent's return
thereto show the following undisputed facts: The relatrix
was arrested and tried before the police justice of the city
of Seattle for selling liquor without a license, in violation of
a city ordinance. She was found guilty, and fined in the
sum of $100, and appealed to the superior court. The cause
came on for trial, a jury was empaneled and sworn, the trial
proceeded in the usual course, and the jury retired to de-
liberate upon its verdict. Shortly afterwards, the relatrix
and her counsel left the court room. The jury notified the
court that they had arrived at a verdict, and the defendant
(relatrix) not being present, and not having been excused
by the court, the city attorney orally moved the court for an
order forfeiting her bail bond, and for judgment thereon
against her and her surety, which motion was granted. Im-
mediately thereafter the verdict was received. It was "not
guilty." The return states that the court instructed the
clerk to receive, but not to file, the verdict. It appears, how-
ever, and is not denied, that the verdict was at once received
and filed.

A few days afterwards, and apparently as soon as the re-
latrix learned of the action of the court, she made applica-
tion to the court for judgment of acquittal upon the verdict,
and for a vacation of the judgment upon the bond against
her and her bondsmen. Both requests were denied by the
court, whereupon this writ was sued out. The affidavits in
support of the motion for vacation show, and it is not denied
by the return, that, during the trial, the relatrix became ill,
and upon the retiring of the jury was advised by her at-
torney that she might go home, which she accordingly did.
The return alleges that the court, noticing that the relatrix
and her counsel had left the court room, directed the clerk ·to
notify her counsel that her presence would be necessary when
the verdict was received, and that the clerk did so by tele-

phone, and was informed by her counsel that relatrix was feeling unwell and had retired to her sick room, but did not then nor at any time inform the clerk or bailiff that the return of the relatrix would cause anything more than an inconvenience.

The respondent bases the refusal to enter judgment of acquittal, and the right to forfeit the bond, upon Rem. & Bal. Code, § 2145, reading as follows:

"No person prosecuted for an offense punishable by death, or by confinement in the penitentiary or in the county jail, shall be tried unless personally present during the trial."

Assuming that this section includes the reception of the verdict, it is only declaratory of the common law as applicable to felonies. It has been usually held that after appearing and being placed on trial, in cases of felony less than capital, if the prisoner being out on bail, voluntarily absent himself without leave he will be deemed to have waived his right to be present and the court need not stop the trial, but the verdict may nevertheless be received and published, even when it is a verdict of conviction. *Robson v. State,* 83 Ga. 166, 9 S. E. 610; *Barton v. State,* 67 Ga. 653, 44 Am. Rep. 743; *State v. Guinness,* 16 R. I. 401, 16 Atl. 910; *State v. Kelly,* 97 N. C. 404, 2 S. E. 185, 2 Am. St. 299; *Lynch v. Commonwealth,* 88 Pa. St. 189, 32 Am. Rep. 445; *State v. Perkins,* 40 La. Ann. 210, 3 South. 647; *Fight v. State,* 7 Ohio 180, 28 Am. Dec. 626; *Price v. State,* 36 Miss. 531, 72 Am. Dec. 195; *Jackson v. State,* 49 N. J. L. 252, 9 Atl. 740.

The rule and the reasons therefor are just as applicable under the statute as they were at common law, there being in the statute no express nor necessarily implied prohibition of a waiver. But we do not think the above section of the statute governs the question here under consideration. The necessity for presence of the defendant for the purpose of judgment upon the verdict is determined by Rem. & Bal. Code, § 2196, which is as follows:

"For the purpose of judgment, if the conviction be for an offense punishable by imprisonment, the defendant must be personally present; if for a fine only he must be personally present, or some responsible person must undertake for him to secure the payment of the judgment and costs; judgment may then be rendered in his absence."

This section, being special to that subject, must control the more general terms of § 2145 requiring the defendant's presence at the trial. It is manifest that § 2196 does not militate against the general rule, announced in the decisions above cited, that the verdict should be received and published when the defendant, out on bail, voluntarily absents himself without leave of court. It is also manifest that there is no direct requirement that he be present for the purpose of judgment except in case of conviction. There is a clear implication that in case of acquittal his presence is not necessary. It seems plain, therefore, that the court should have entered a judgment of acquittal upon the verdict of not guilty, there being no claim or showing that the presence of the relatrix was required for the purpose of answering any other charge than that for which she had been tried. The right to this judgment was perfect when the verdict of the jury was returned and filed. Indeed, it has been held that the verdict of "not guilty" operates in itself as a discharge of the prisoner. *Mills v. McCoy*, 4 Cowen (N. Y.) 406.

In any event, the relatrix was entitled, as a matter of right, to a judgment of acquittal when, a few days after the reception and filing of the verdict of "not guilty," she applied for it. In such a case mandamus is the proper remedy. 2 Spelling, Injunction and Other Extraordinary Remedies (2d ed.), §§ 1405, 1407.

On the second branch of the case, it seems equally plain that the forfeiture and judgment on the appeal bond should have been set aside. The verdict of "not guilty" discharged the bond. While the judgment on the bond had

13—66 WASH.

been entered a few minutes before the verdict was received, there can be no question, under the facts shown by the respondent's answer, that, on an appeal from that judgment, it would have to be set aside. *People v. Higgins*, 7 N. Y. Supp. 658; *People v. Madden*, 8 N. Y. Supp. 531; *People v. Cooney*, 9 N. Y. Supp. 285; *People v. Treanor*, 9 N. Y. Supp. 285; *People v. Tietjen*, 9 N. Y. Supp. 285; *People v. Grossman*, 5 N. Y. Supp. 446; *People v. Samuels*, 25 N. Y. Supp. 81; *State v. Saunders*, 8 N. J. L. 218; *Mills v. McCoy, supra.*

The respondent contends that, even granting this, the relatrix should be remitted to her right of appeal; that appeal is an adequate remedy and that mandamus will not lie. Upon the facts admitted by the respondent's answer, it was the plain duty of the court to vacate the default and judgment. It had the right to and actually did receive and file the verdict of "not guilty." It was plain at that time that the judgment upon the bond could not stand. Under our statute (Rem. & Bal. Code, § 999 *et seq.*), mandamus is a much broader remedy than the old prerogative writ.

"In our practice, mandamus is nothing more than one of the forms of procedure provided for the enforcement of rights and the redress of wrongs. The procedure has in it all the elements of a civil action. The facts stated in the affidavit for the writ may be controverted by a return, raising both questions of law and fact. The return likewise may be controverted, and a trial had on the issues of fact thus raised, either before the court, a jury, or a referee, as the court may order. Judgment can be entered on the verdict or findings not only directing the issuance of a peremptory mandate, but for damages and costs on which execution may issue. The statute has been so framed as to afford complete relief in all cases falling within its scope and purport, whether these be cases of wilful violations of recognized rights, or denials, made in good faith, that the rights contended for exist. In other words, the right to sue out the writ is not made to depend on the character of the dispute, but on what answer is given to the question, can the ordinary course of law afford a plain, speedy, and adequate

remedy? If the ordinary course of law will furnish such a. remedy, the writ will not issue; otherwise, it will. It was to avoid circuity of action, thus doing away with the necessity of resorting to more than one proceeding for the enforcement of a right, that the law was framed." *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207.

Can it be said that the remedy by appeal is adequate where the absolute right to instant relief is shown by the admitted facts, and where, under those facts, there was no room for discretion on the part of the court? The judgment on the bond was merely ancillary to and an incident of the main case. The relatrix was acquitted by the jury, and the real matter of controversy, and every part of it, was ended in her favor. This carried with it the things ancillary to and dependent upon the main issue. The relatrix was found not guilty, and yet she must in effect pay a fine in double the amount imposed upon her by the police justice, or appeal. Such a remedy would be neither adequate nor in keeping with the spirit of the law. The relatrix having stood her trial, and having been found not guilty, was entitled without any delay to the full fruits of the verdict. She then stood innocent under the law, and had an immediate right to an unqualified discharge.

The peremptory writ is ordered.

DUNBAR, C. J., MORRIS, CHADWICK, and CROW, JJ., concur.