[No. 11744.   Department Two.   March 28, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLIE FONG, *Appellant*.[1]

BAIL—FORFEITURE.  The forfeiture of bail should be vacated, where it appears that the accused, a Chinaman, was advised by his counsel, two days before the trial, that the cause would be dismissed because not brought to trial within sixty days, and that he need not appear, from which he understood that he had been acquitted and was free, and as soon as he learned that the bail was forfeited, he surrendered himself, and furnished new bail, and the case was dismissed without prejudice on motion of the prosecuting attorney before passing upon accused's application for the vacation of the forfeiture.

SAME—TERMS.  In such a case, the dismissal of the case because witnesses had left the jurisdiction of the court, is not ground for refusal to vacate the forfeiture of bail, but only for the imposition of reasonable terms, relating to the expenses of the state.

[1]Reported in 139 Pac. 647.

Appeal from an order of the superior court for Kitsap county, French, J., entered December 6, 1913, denying an application to set aside the forfeiture of bail. Reversed.

*Charles H. Miller,* for appellant.

*F. W. Moore,* for respondent.

Mount, J.—This appeal is prosecuted from an order of the lower court refusing to set aside a forfeiture of bail upon arrest.

It appears that the appellant was arrested on the 18th day of May, 1913, upon a warrant issued upon an information charging him with the crime of being a common gambler. His bail was fixed at $500 cash. One L. Dan deposited this sum of money with the clerk as bail for the appellant's appearance to answer the charge. The appellant was thereafter arraigned, and the cause was set for trial on the 8th day of September, 1913. Two days before the date fixed for the trial, counsel for the appellant filed a motion to dismiss the case upon the ground that it had not been brought to trial within sixty days. The appellant was thereupon informed by his counsel that it would not be necessary for him to appear on the 8th, and he did not appear. On that day, the case was called for trial, and the defendant failing to appear in person, the court ordered the cash bail of $500 forfeited, and a bench warrant issued for his arrest.

On the 7th day of November, 1913, the appellant having been surrendered by his bondsmen to the jurisdiction of the court, and new bail having been furnished, the appellant moved the court for an order for the return of the cash bail which had theretofore been forfeited, as above stated. This motion was not passed upon at that time. On the 10th day of November, 1913, the prosecuting attorney moved for a dismissal of the case without prejudice, on the ground that the witnesses for the respondent were absent and could not be obtained. This motion was granted and the appellant was

discharged. Thereafter, on the 6th day of December, 1913, the court entered an order denying the application for the return of bail. Upon this application, the appellant made an affidavit to the effect that, prior to the 8th day of September, 1913, his attorney advised him that the motion to dismiss the action would be granted, and that it would not be necessary for the appellant to appear upon that date; that the appellant was a Chinaman, unaccustomed to our ways and laws, and believed that he was free and had been acquitted of the charge alleged in the information; that, as soon as he learned that the case had not been dismissed, and that his bail had been forfeited, he immediately sought his bondsman and surrendered himself to the jurisdiction of the court. This showing was not disputed.

Under these circumstances, we are satisfied that the court should have granted the application of the appellant to vacate the order of forfeiture, upon such terms as the court thought equitable. In the case of *State v. Jackschitz*, 76 Wash. 253, 136 Pac. 132, this court quoted from *United States v. Feely*, 1 Brock. (U. S.) 255, 259, as follows:

"The object of a recognizance is, not to enrich the treasury, but to combine the administration of criminal justice with the convenience of a person accused, but not proved to be guilty. If the accused has, under circumstances which show that there was no design to evade the justice of his country, forfeited his recognizance, but repairs the default as much as is in his power, by appearing at the succeeding term, and submitting himself to the law, the real intention and object of the recognizance are effected, and no injury is done. If the accused prove innocent, it would be unreasonable and unjust in government to exact from an innocent man a penalty, intended only to secure a trial, because the trial was suspended, in consequence of events which are deemed a reasonable excuse for not appearing on the day mentioned in the recognizance. If he be found guilty, he must suffer the punishment intended by the law for his offence, and it would be unreasonable to superadd the penalty of an obligation entered into only to secure a trial."

See, also, *State v. Johnson,* 69 Wash. 612, 126 Pac. 56; *State ex rel. Gabe v. Main,* 66 Wash. 381, 119 Pac. 844.

It is said by the respondent that the case was dismissed by reason of the fact that the testimony relied upon was to be obtained from enlisted men in the naval service of the United States; that, when the case was last called for trial, these men were not within the jurisdiction of the court and, for that reason, the action was dismissed without prejudice. We think this is not a sufficient reason for refusing to vacate the order of forfeiture. If this is true, and if the witnesses appeared on September 8, 1913, when the case was first set down for trial, the court might properly take this into consideration in fixing the terms upon which the order of forfeiture might be vacated. The court might reasonably require that the expenses of the state should be paid as a condition for granting the motion. But otherwise, we think these facts are unimportant.

The judgment is therefore reversed, and the cause remanded to the lower court with directions to set aside the order of forfeiture of the first bail, upon such terms as may seem just and equitable.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.