[No. 12698. Department One. February 29, 1916.]

THE STATE OF WASHINGTON, *Appellant*, v. MARIE BRYANT, *Respondent*.[1]

BAIL—FORFEITURE—INSUFFICIENT INFORMATION. A bail bond given on a criminal charge cannot be forfeited for nonappearance of the accused where the information was insufficient.

PROSTITUTION—INFORMATION—CERTAINTY. In view of Rem. & Bal. Code, § 2057, requiring the information to be direct and certain as to the crime charged and the particular circumstances thereof, an information charging the accused with being "willfully and unlawfully a common prostitute," does not sufficiently state the facts constituting an offense under an ordinance making it unlawful to be a common prostitute or to habitually practice prostitution and have indiscriminate sexual intercourse with men for hire and to be commonly known to be a common prostitute; the ordinance being intended to reach only the practice of prostitution for hire, while one may be a common prostitute without practicing for hire.

CRIMINAL LAW—APPEAL FROM JUSTICE—TRIAL—NEW INFORMATION. Upon appeal from justice court in a criminal case, the cause is transferred to the superior court for trial *de novo*, and the court should, if the information is insufficient, allow a new information to be filed, and after arraignment and plea, proceed to trial thereon.

Appeal from an order of the superior court for Chelan county, Pendergast, J:, entered September 16, 1914, upon

[1]Reported in 155 Pac. 420.

sustaining a demurrer to the information, dismissing a prosecution for violation of an ordinance. Reversed.

*John E. Porter* and *Kemp & Baker*, for appellant.
*Reeves, Crollard & Crollard*, for respondent.

MOUNT, J.—The state has appealed from an order of the trial court discharging the respondent after a demurrer was sustained to an information. The facts are as follows:

On August 15, 1914, a complaint before the police justice of the city of Wenatchee was sworn to charging that the respondent was, on that date, "in the city of Wenatchee, Chelan county, state of Washington, wilfully and unlawfully a common prostitute, and did have indiscriminate sexual intercourse with men for hire, contrary to ordinance No. 377, passed by the council of the said city and approved and published according to law." Upon this complaint, a warrant was issued and the defendant was arrested.

On the 17th day of August, 1914, after the defendant had entered a plea of not guilty, the city attorney, by leave of the police justice, filed another complaint charging the respondent as follows:

"That Marie Bryant was, on or about the 16th day of August, 1914, in the city of Wenatchee, Chelan county, state of Washington, wilfully and unlawfully a common prostitute, contrary to ordinances Nos. 377 and 381, passed by the council of the said city, and approved and published according to law."

The defendant was arraigned and pleaded not guilty to this last charge. A trial was then had before the police justice and a jury, the defendant was convicted, and the verdict fixed her fine at $35. The next day the defendant gave notice of appeal to the superior court, and the justice fixed her bond in the sum of $100.

Section 11 of the ordinance under which the prosecution was had provides as follows:

"It shall be unlawful for any female person to be a common prostitute or to habitually practice prostitution and have indiscriminate sexual intercourse with men for hire, and to be commonly known and reputed to be a common prostitute."

The next section provides a penalty of either fine or imprisonment or both.

The case on appeal to the superior court was set down for trial on the 16th day of September, 1914. When the case was called, the defendant not being present, counsel for the state moved the court to forfeit the bail. Counsel for the defendant objected to a forfeiture of the bail. The court at that time made no order thereon. Counsel then moved that the action be dismissed for the reasons that the court had no jurisdiction, that the information did not conform to the requirements of the law, and that the allegations of the information were insufficient to constitute a crime or a misdemeanor under the ordinances. The court sustained this motion, or demurrer, and stated that the prosecution was not authorized to file an amended or a new information, and dismissed the action. The state has appealed from that order.

It is argued, first, that the court erred in refusing to forfeit the bail because the defendant was not present, and because she was a fugitive from justice. If the court was right in holding that the information was insufficient under the ordinances and under the laws of the state, it is plain that it was right in refusing to forfeit the bail; for, where a bail bond is given upon a criminal charge and the information is insufficient, or if the defendant is acquitted, bail cannot be forfeited, and if forfeited, such forfeiture will be set aside, and the defendant will be entitled to a return of the bail. *State ex rel. Gabe v. Main*, 66 Wash. 381, 119 Pac. 844.

The principal question in the case is whether the information was sufficient, and if not, was the state authorized to file a new information. As stated above, the information charges

that the defendant was "wilfully and unlawfully a common prostitute." No facts were charged. The statute requires, Rem. & Bal. Code, § 2057 (P. C. 135 § 1019), that,

"The indictment or information must be direct and certain, as it regards: (1) The party charged; (2) the crime charged; and (3) the particular circumstances of the crime charged, when they are necessary to constitute a complete crime."

This court in *State v. Ackles*, 8 Wash. 462, 36 Pac. 597, said, at page 464:

"The accused, in criminal prosecutions, has a constitutional right to be apprised of the nature and cause of the accusation against him. Const., art. 1, § 22. And this can only be made known by setting forth in the indictment or information every fact constituting an element of the offense charged. This doctrine is elementary and of universal application, and is founded on the plainest principles of justice."

And in *State v. See*, 4 Wash. 344, 30 Pac. 327, 746, it was held that an indictment for perjury is defective which does not describe the proceedings at which the alleged perjury was committed.

It is argued by the appellant that, where a crime can be committed in but one way, it is sufficient to simply charge the crime without stating the facts. It will be noticed that the ordinance under which the information was filed recites that "it shall be unlawful for any female person to be a common prostitute, or to habitually practice prostitution and have indiscriminate sexual intercourse with men for hire, and to be commonly known and reputed to be a common prostitute." If the words following "common prostitute," viz., "or to habitually practice prostitution and have indiscriminate sexual intercourse with men for hire, and to be commonly known and reputed to be a common prostitute," are intended as a definition of what was meant by "common prostitute," as we think they were, then it is plain that the information should

have stated the facts which constituted the crime. A common prostitute may be one who practices prostitution without hire. Or she may be one who practices prostitution for hire. In *State v. Thuna*, 59 Wash. 689, 109 Pac. 331, 111 Pac. 768, 140 Am. St. 902, this court approved an instruction where the court told the jury that "Whether a woman is a common prostitute is a question of fact which does not depend alone upon the number of persons with whom she has had illicit intercourse, nor does it depend alone upon the question of whether she submits herself for gain." But the ordinance in this case, fairly construed, was, we think, intended to reach only those who practice prostitution for hire. It was necessary, therefore, to allege the facts constituting the offense as defined by the ordinance. We are satisfied that the trial court properly sustained the demurrer to the information.

We think the court erred in refusing to allow the prosecution to file a new information. The court was no doubt misled by what was said by this court in *State v. Hamshaw*, 61 Wash. 390, 112 Pac. 379. In that case, after referring to *State v. Bringgold*, 40 Wash. 12, 82 Pac. 132, we said: In so far as that case holds "that the superior court has jurisdiction to 'allow the complaint to be amended by the filing of a new complaint,' it may be considered as overruled." The trial court evidently concluded from this language that we meant to hold that a new complaint in a criminal action may not be filed. But in that case we further said:

"The appeal in such cases is taken, and the case proceeds, *de novo* upon the transcript from the justice court. The statute does not allow, as in civil cases, any amendment to the pleadings. It can be no embarrassment to the superior court or in any way interrupt its procedure, if it is of opinion that the complaint does not charge a crime, or that the defendant should be held for trial, to enter an order of dismissal *or order an information filed and, after arraignment and plea, proceed to the trial in an orderly way,* thus acquir-

ing jurisdiction in the manner sanctioned by the constitution and the statutes."

It is plain from this language, which we now italicize, that we did not intend to hold that a new information in a criminal case may not be filed in the superior court, and the case proceed to trial *de novo* upon that information.

In the case of *State ex rel. Adams v. Grimes,* 80 Wash. 14, 141 Pac. 184, where a change of venue was taken from one justice to another, and a new complaint filed, in discussing the right to file a new information we said:

"But clearly in doing so he acted within his powers. After the cause had been transferred to his court, he had the same power and authority over the subsequent proceedings as he would have possessed had the proceeding been originally commenced before him. He could allow a new complaint to be filed correcting the old one in any particular, even to allowing a change therein as to the offense charged against the defendant. He must, of course, give the defendant an opportunity to plead to the new complaint, and must allow him a reasonable time, if he demands it, to prepare his defense thereto, before putting him upon his trial, but the record shows that the justice complied with these requirements in the present instance."

And so in this case, the appeal from the police justice simply transferred the proceedings to the superior court where a trial *de novo* might be had. It was within the power of the court to allow the prosecution to file a new information if the one already on file was insufficient. The appeal simply transferred the proceedings from police or justice court to the superior court.

We are satisfied that the trial court was in error in refusing to allow the prosecution to file a new information, to receive a new plea, and proceed regularly thereupon. For this reason, the judgment is reversed, and the cause remanded with leave to file a new information.

MORRIS, C. J., FULLERTON, CHADWICK, and ELLIS, JJ., concur.