[No. 16909. Department Two. March 24, 1922.]

## THE STATE OF WASHINGTON, *Respondent,* v. WESLEY WARDEN *et al., Appellants.*[1]

BAIL (6, 7)—FORFEITURE—DISCHARGE—INSUFFICIENT COMPLAINT. A bail bond given in compliance with Rem. Code, § 1957, conditioned for the principal's appearance in the superior court to answer to the "charge" of rape, is not discharged by reason of the fact that the information was held insufficient on demurrer, where the court permitted the filing of an amended information charging the same offense.

SAME (6)—FORFEITURE—NOTICE TO APPEAR. Under Rem. Code, § 2231, judgment of forfeiture of a bail bond may be entered where "due notice was given" the defendant to appear for arraignment on a certain day, and he failed to do so.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered March 24, 1921, upon forfeiting a bail bond. Affirmed.

*P. D. Smith,* for appellants.

*Sam R. Sumner* and *Frank Lebeck,* for respondent.

MACKINTOSH, J.—A complaint was filed in the justice court against Wesley Warden, charging him with the crime of rape, and he was bound over to the superior court for trial. He gave a bond, signed by himself as principal, and the other appellants in this case, as sureties, the material portion of the bond being as follows:

"The condition of the above obligation is such that, whereas, an order has been made on the 26th day of February, 1921 . . . that Wesley Warden be held to answer and appear for trial before the superior court of the state of Washington for Chelan county upon a charge of carnal knowledge of a female child, upon which he has been admitted to bail in the sum of

[1]Reported in 205 Pac. 372.

$1,500.00, and which charge is pending in said court against him, in behalf of the State of Washington.

"Now, therefore, if the said Wesley Warden shall appear and answer the charge above mentioned in said superior court and at whatever time it may be set for hearing by the court before which it is pending, and shall at all times hold himself amenable to the orders and process of the court, and if convicted will appear for judgment, and render himself in execution thereof, then this obligation to be null and void, and of no effect; otherwise to be and remain in full force and virtue."

The prosecuting attorney then filed in the superior court an information in the same language as that contained in the complaint, to which a demurrer was sustained for the reason that the information failed to state some of the elements laid down in the statute necessary to constitute the offense. The court, upon sustaining the demurrer, at the request of the prosecuting attorney, allowed the filing of an amended information, which was filed, and notice was given to the defendant to appear in court on March 24, 1921, to be arraigned. On that date the defendant did not appear, though called under direction of the court, whereupon the prosecuting attorney moved the court for a forfeiture of the defendant's bail. The motion was granted and a judgment was entered against the defendant and his sureties in the amount provided in the bond. From that judgment, this appeal has been taken.

It is first urged that there is no liability on the bond for the reason that the complaint in the justice court and the first information filed in the superior court were defective, and that the bail bond did not attach to the amended information.

The bond was given in compliance with the requirements of § 1957, Rem. Code (P. C. § 9603), which pro-

vides that the defendant shall appear in the superior court to answer "said charge." The bond itself provided that "the said Wesley Warden shall appear and answer the charges above mentioned in the said superior court." It is not necessary to set forth in the bond the language of the complaint or information. The obligation of the bondsmen was to see that the defendant appeared in court and answered to the charge, which was that of rape, and they are not discharged on their obligation until the defendant has been released from that charge. The obligation was not to answer the complaint actually on file, but to answer to the charge of rape, whether presented by the complaint or subsequent information properly alleging the crime.

It is argued that the opinion of this court in *State v. Bryant,* 90 Wash. 20, 155 Pac. 420, establishes a different rule. In that case the court had held a criminal complaint insufficient, and the state appealed from that order, and it was urged that the court should have forfeited the defendant's bail because of the fact that he was a fugitive from justice. This court said, however:

"If the court was right in holding that the information was insufficient . . . it is plain that it was right in refusing to forfeit the bail; for, where a bail bond is given upon a criminal charge and the information is insufficient, or if the defendant is acquitted, bail cannot be forfeited, . . ."

In this case, although the complaint and the original information were held to be insufficient, there was a sufficient information upon file, which the bond obligated the defendant to answer, and it was upon this that the defendant had been notified to appear for arraignment, so that the facts of this case place it without the rule established in the *Bryant* case.

It is next suggested that no order of the court had been made directing the appellant to appear. We are bound, however, by the statement of the trial court in his order, which is that "due notice was given the defendant above named to appear in this court on this day for the purpose of arraignment." He having not appeared and having been regularly called, under authority of § 2231, Rem. Code (P. C. § 9347), the court was empowered to enter judgment against him and his sureties. We see no error in this case. Affirmed.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.