[No. 19210.    Department One.    August 25, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Sydney Brunn et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Defendant.*[1]

PROHIBITION (8)—EXISTENCE OF REMEDY BY APPEAL—VACATING JUDGMENT. Prohibition does not lie to restrain the enforcement of a judgment that is valid on its face and can be reviewed on appeal.

BAIL (8)—JUDGMENT (156)—CONCLUSIVENESS—COLLATERAL ATTACK—EFFECT OF RECITALS. A judgment by a court of general jurisdiction forfeiting a bail bond is valid on its face, and cannot be collaterally attacked, where its recitals showed that the bonds were duly executed by the sureties, that the principals failed to appear in court upon "due notice and command to appear," and that it was entered in compliance with Rem. Comp. Stat., § 2231.

Application filed in the supreme court, March 13, 1925, for a writ to prohibit the superior court for King county, Gilliam, J., from entertaining jurisdiction of supplemental proceedings. Denied.

*John F. Dore, Henry Clay Agnew,* and *John J. Sullivan,* for relators.

*Ewing D. Colvin* and *Harry A. Rhodes,* for respondent.

PARKER, J.—This is an original proceeding in this court wherein the relators, Brunn and Turner, pray that the superior court for King county be prohibited from entertaining jurisdiction of supplemental proceedings, commenced therein for the examination of relators as judgment debtors as to what property they own, looking to the satisfaction of a judgment rendered against them in that court, as follows:

[1]Reported in 238 Pac. 639.

"No. 12047.

"STATE OF WASHINGTON, Plaintiff, vs. JOE O. NEAL, MAY
NEAL, et al., Defendants.

"Judgment of Forfeiture.

"This cause having come on duly and regularly for
trial on the 16th day of February, 1925, before the
above-entitled court, and it appearing to the court that
heretofore the defendant Joe O. Neal, as principal, and
Sidney Brunn and E. S. Turner, as sureties, executed
a bond herein in the sum of ten thousand ($10,000) dol-
lars, payable to the said plaintiff, the State of Wash-
ington, in the event that the said defendant Joe O.
Neal should not well and truly make his personal ap-
pearance before the above-entitled court when required
by said court so to do, and it further appearing that
the defendant May Neal, as principal, and Sidney
Brunn and E. S. Turner, as sureties, executed a bond
herein in the sum of five thousand ($5,000) dollars,
payable to the said plaintiff, the state of Washington,
in the event that the said defendant May Neal should
not well and truly make her personal appearance be-
fore the above-entitled Court when required by said
court so to do, and it further appearing to the court
that Helen Stanley, as principal, and Sidney Brunn
and E. S. Turner, as sureties, have heretofore executed
a bond herein in the amount of five hundred ($500)
dollars, payable to the said plaintiff, the state of Wash-
ington, in the event that the said Helen Stanley should
fail to appear herein when called as a witness in this
case, and it further appearing to the court that due
notice and command to appear before the above-en-
titled court on the 16th day of February, 1925, was
given to the said defendants Joe O. Neal, May Neal,
and to the said Helen Stanley, but that each of them
has wholly failed to appear herein upon said date or
since, or at all, as in said bonds provided, and were
not present in court or appeared therein when called,
Now Therefore,

"It Is Hereby Ordered, Adjudged and Decreed that
the defendants, Joe O. Neal, May Neal, and said Helen
Stanley are in default upon their respective bonds

hereinabove more fully described, and that said bonds, and each of them, are hereby declared forfeited, and that the plaintiff herein the state of Washington, do have and recover judgment as follows:

"1. Against the defendant Joe O. Neal and his sureties Sidney Brunn and E. S. Turner, in the sum of ten thousand ($10,000) dollars;

"2. Against the defendant May Neal and her sureties Sidney Brunn and E. S. Turner, in the sum of five thousand ($5,000) dollars;

"3. Against said Helen Stanley and her sureties, Sidney Brunn and E. S. Turner, in the sum of five hundred ($500) dollars;

"4. That the clerk of the above-entitled Court issue execution thereon forthwith.

"Done in open Court this 18th day of February, 1925."

Counsel for relators make several contentions which plainly can only be entertained here upon appeal from the judgment, or upon appeal from some judgment which might be rendered in an appropriate proceeding directly and not collaterally attacking the judgment. So we are here concerned only with the validity of the judgment, as viewed upon its face; and, if the judgment is valid upon its face, manifestly it will support supplemental proceedings until satisfied, or, by proper bond, superseded upon appeal therefrom, or until set aside in some appropriate proceeding directly attacking it; none of which is here claimed to have occurred.

It appears from the recitals of the judgment that the bail bonds were duly executed by relators as sureties and that the principals failed to appear in court upon "due notice and command to appear." Section 2231, Rem. Comp. Stat. [P. C. § 9347], relating to the rendering of such judgments, reads:

"In criminal cases where a recognizance for the appearance of any person, either as a witness or to ap-

pear and answer, shall have been taken and a default entered, the recognizance shall be declared forfeited by the court, and at the time of adjudging such forfeiture said court shall enter judgment against the principal and sureties named in such recognizance for the sum therein mentioned, and execution may issue thereon the same as upon other judgments.''

It seems plain that the judgment, in so far as can be determined by its recitals, appears to have been regularly rendered in accordance with this statute. We are to remember that it is a judgment of a court of general jurisdiction, and that the presumptions supporting its validity are to be given full force and effect in a collateral attack upon it of this nature. Our decision in *State v. Warden,* 119 Wash. 290, 205 Pac. 372, lends some support to our present conclusion, though this exact question was not there presented.

The relief prayed for by the relators is denied.

TOLMAN, C. J., BRIDGES, MAIN, and ASKREN, JJ., concur.