335 P.2d 616

**STATE of Arizona, Appellant,**

v.

**Robert C. SANDERS and Joe Gullahorn, Appellees.**

No. 6384.

Supreme Court of Arizona.

Feb. 18, 1959.

---

Robt. Morrison, Atty. Gen., Robt. G. Mooreman, Asst. Atty. Gen., Timothy J. Mahoney, County Atty., and Irving Vincent, Deputy County Atty. of Pinal County, Florence, for appellant.

No appearance for appellees.

UDALL, Justice.

This appeal is from an order and judgment of the superior court in a criminal case, wherein the trial court refused to declare a forfeiture of certain bail bonds executed by defendants as principals and the National Automobile and Casualty Insurance Company, a corporation, as surety. By its judgment said bonds were exonerated. It should be noted that this is not a civil suit directed against the surety and the latter is not a party to this appeal.

The facts giving rise to the appeal are as follows: appellees Robert C. Sanders and Joe Gullahorn were jointly charged by the State of Arizona with the crime of burglary. At a preliminary hearing held before a magistrate in Florence, defendants, who were represented by counsel, were held to answer to the superior court and were then admitted to bail on bonds executed by the surety above named. The Gullahorn bond was in the sum of $1,000 and the Sanders bond was for $5,000. Thereafter the county attorney of Pinal County filed an information in the superior court, being criminal cause No. 3142, charging defendants with burglary. They were duly arraigned, entered pleas of not guilty, and were released from custody, Gullahorn upon the same bond given to the magistrate, and Sanders upon two superior court bonds aggregating $5,000.

While out on bail and before their case was called for trial, defendants went to New Mexico and, October 1955, committed a robbery on a federal enclave. They were indicted by a federal grand jury on two counts and later tried and found guilty of the crime of robbery. The United States

District Court for New Mexico, on February 10, 1956, sentenced them to serve 20 years on count one, and 10 years on count two, and at all times since then both defendants have been incarcerated in a federal penitentiary.

The burglary case (No. 3142, supra) was set for trial on January 24, 1956, and the defendants breached the conditions of their bonds by not appearing. Thereafter the county attorney filed an affidavit, in the criminal case, asking the court to declare a forfeiture of the bond under Rule 70, Rules of Criminal Procedure, 17 A.R.S., and such an order was entered on March 28, 1956, with a proviso inserted that gave the defendants and their surety ten days within which to appear and explain the breach of said undertaking as is provided for by Rule 72. Within the time, as extended, Richard R. Greenfield, as attorney for the defendants and their surety, filed first a written offer by the surety to pay costs for the return of the defendants, and a separate request that the county attorney be ordered to extradite said defendants upon the completion of their sentences. A formal hearing on the matter of the forfeiture of the bonds was held before the superior court on May 22, 1956, at which time counsel for the parties were present. The court took the matter under advisement and on October 24, 1956 a formal written judgment and order was entered, decreeing that the order of forfeiture previously entered

" * * * be of no effect insofar as same pertains to the bonds posted by the National Automobile and Casualty Company, a California Corporation, being Bonds Nos. 10051AZ, 10073AZ and 10074AZ and that the same be and are hereby exonerated."

The county attorney, in behalf of the State of Arizona, on November 15, 1956 gave notice of appeal from this order and judgment. The appeal was docketed on November 18, 1956, and an "agreed statement of facts" signed by attorneys representing the State and the appellees, approved by the trial court, was filed in this court on February 7, 1958. The State's opening brief was filed November 3, 1958. There has been no appearance in this court by either of the appellees and, as heretofore recited, the surety is not a party to the appeal.

It further appears from the agreed statement of facts that the superior court of Pinal County dismissed criminal cause No. 3142, supra, on November 5, 1957.

On December 26, 1958, appellant filed a motion, pursuant to Rule 7(a), subd. 2, Rules of the Supreme Court, 17 A.R.S., to have the appeal submitted for decision. No response having been filed to such motion, it was granted.

We have carefully examined appellant's brief and it is clear that debatable questions are raised by the appeal. No valid excuse

is shown for appellees' (defendants') failure to appear and file an answering brief to assist the court in an analysis of the various problems presented. Under such circumstances this court is committed to the rule that we will assume such failure to file an answering brief is a confession on the part of appellees Sanders and Gullahorn of reversible error. Stover v. Kesmar, 84 Ariz. 387, 329 P.2d 1107, 1108, and cases cited therein.

Judgment and order reversed and set aside.

PHELPS, C. J., and JOHNSON, J., concur.

BERNSTEIN, Justice (dissenting).

In the unusual posture of this case, I dissent solely on the ground that the court is deciding what appears to be, in practical effect, a moot question. The original declaration of forfeiture is non-existent, never having matured to the point where a judgment could be entered pursuant to Rule 73 of the Rules of Criminal Procedure, and having been declared, instead, "of no effect"; and the bonds have been "exonerated." Now, the criminal cause having been dismissed, it is too late to declare a forfeiture of the bonds, the liability of the insurer having been terminated. State v. Veterans of Foreign Wars, Post 1856, 223 Iowa 1146, 274 N.W. 916, 112 A.L.R. 383; State v. Bryant, 90 Wash. 20, 155 P. 420; State ex rel. Gabe v. Main, 66 Wash. 381,

119 P. 844; All Florida Surety Company v. State, Fla., 78 So.2d 89. Accordingly, while the court's treatment of the question on appeal may be otherwise proper, I would recognize that the dismissal of the criminal action has altered the status of the matter, warranting a dismissal of the appeal as well.

STRUCKMEYER, J., concurs in this dissent.